### JIM JENKINS V. THE STATE.

*No. 695.     Decided March 6.*

1. **Rape—Indictment—Force—Age of Consent.**—On a prosecution for rape, charged by indictment to have been committed by force, a conviction can not be had upon proof of carnal intercourse with a female with her consent, though she be under the agent of consent.

2. **Same—Allegation and Proof—Charge of Court.**—Under an indictment which charges a rape by force, while it would be admissible to prove that the prosecutrix was under the age of consent, still, in order to sustain a conviction, it must be shown, nevertheless, that the rape was committed by force to sustain the allegation in the indictment; and it is error for the court to charge, in such a case, that a conviction could be had upon proof alone of carnal knowledge of a female under the age of consent.

3. **Same—Witness—Impeachment of.**—On a trial for rape, where defendant's counsel asked the father of prosecutrix if he did not propose to defendant's father that he would take $150 and leave the State, and not prosecute defendant, and upon objection the court excluded this evidence, *Held*, error. The testimony went to the motive of witness, and was admissible as going to his credit, and in case of denial, would have afforded a predicate for his impeachment.

4. **Same—Charge—"Force."**—On a trial for rape, a charge, in defining "force," which simply requires, that "the force must be such as might reasonably be supposed sufficient to overcome resistance of the female, taking into consideration the relative strength of the parties," is too restrictive, in that it omits the consideration of "other circumstances of the case," which is part of the statutory definition of "force." Penal Code, art. 529.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. HALL.

Appellant was convicted for rape, and his punishment assessed at thirty-five years in the penitentiary.

*Poindexter & Paddleford,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried in the District Court of Johnson County, in January, 1895, on an indictment charging him with rape. The jury found him guilty, and assessed his punishment at thirty-five years in the penitentiary, and from the judgment and sentence in the case he prosecutes this appeal.

We will state so much of the record as is necessary to present the propositions in the case on which a reversal is sought. The indictment charges, "that the defendant, Jim Jenkins, made an assault on Nannie Mathews, and that by force, threats, and fraud, and without the consent of the said Nannie Mathews, he did then and there ravish and have carnal knowledge of her," etc. Nannie Mathews, the prosecutrix, testified, that she was 11 years old at the time of the alleged occurrence. Her father, F. M. Mathews, testified, that she was between 12 and 13 years of age at the time. The court, in the fourth

paragraph of the charge, instructed the jury as follows: "That if you believe from the evidence, beyond a reasonable doubt, that Nannie Mathews is a female, and was under the age of 12 years at the time the alleged offense of rape is charged to have been committed, and shall further find from the evidence, beyond a reasonable doubt, that the defendant had carnal knowledge of the said Nannie Mathews by penetrating her female sexual organ with his male sexual organ," etc., "to convict him of rape." The court in the subsequent paragraph, 5, also charged, that if the jury believed the said Nannie Mathews was over the age of 12 years at the time, and that defendant had carnal knowledge of her without her consent and by force, to find defendant guilty of rape, etc. It will be observed that the indictment in this case does not state the age of the prosecutrix, but simply charges a rape by force. While it would be permissible to show that the prosecutrix was under the age of consent, yet in order to sustain the charge a rape by force must be shown, and nothing less than this would suffice to sustain the allegation of the indictment. Nicholas v. The State, 23 Texas Crim. App., 317; Moore v. The State, 20 Texas Crim. App., 275. In this case, however, the jury were instructed, if they found the female was under the age of consent, and the defendant had carnal knowledge of her, to convict him; that is, the court ignored the charge contained in the indictment, and told the jury to convict defendant on a state of case not set out in the indictment. This was error.

The court also erred in refusing to allow the question to be asked by defendant's counsel, on the cross-examination of the witness Mathews, as to his proposition to the father of the defendant to take $150, and then leave the State, and not prosecute the defendant. This testimony went to the motive of the witness who was placed on the stand by the prosecution, and was admissible in cross-examination as going to his credit, and in case of his denial, would have afforded a predicate for his impeachment. The object of the testimony was apparent, and we think the bill of exceptions sufficient. Guajardo v. The State, 24 Texas Crim. App., 603.

In view of another trial of the case, it is not necessary to discuss the sufficiency of the evidence to sustain the conviction, which is raised by defendant in his motion for a new trial, and is presented in an assignment of error. But we would observe, in a case of this character, the defendant's rights should be carefully guarded by the charge of the court; and on the question of force, the charge of the court in defining "force" is too restrictive, in that it told the jury the force must be such as might reasonably be sufficient to overcome the resistance of the female, taking into consideration the relative strength of the parties, thus leaving out of view the surrounding circumstances of the case. Under the facts of this case, these were very material to be considered by the jury. The rape, if any was committed, was in the same room with the father and stepmother of the prosecutrix, and within a few feet of their bed. Her father testifies, that he could have

reached her with his hand, and although the prosecutrix testifies that defendant was on her about two hours, yet she made no outcry, and this notwithstanding the fact that she says defendant hurt her in the operation. This presents a case certainly which, to our minds, renders it exceedingly doubtful that a rape could have been committed, and in which "force" should be fully defined.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.