## I. R. ROGERS v. THE STATE.

### No. 1752. Decided March 27, 1899.

**1. Aggravated Assault by Adult Male Upon a Female—Complaint and Information.**

A complaint and information are sufficient to charge an aggravated assault by an adult male upon a female, where the allegations are that the accused, R., "did commit an aggravated assault. The said R. then and there being an adult male, and the said B. K. then and there being a female; and the said R. did then and there touch and indecently handle the said B. K. with his hand," etc. Following Hill v. State, 37 Texas Criminal Reports, 279.

**2. Admission of Testimony Before Argument Is Concluded.**

Under provisions of article 698, Code of Criminal Procedure, the court shall allow testimony to be introduced at any time before the argument of the case is concluded, if it appear that it is necessary to the due administration of justice; and it matters not that both parties had previously announced that they had closed their case in chief.

**3. Aggravated Assault by an Adult Male Upon a Female Child.**

An assault upon a female child about eight years of age can be committed whether with or without her consent.

**4. Same—Evidence—Other Similar Assaults.**

On a trial for aggravated assault by an adult male upon a female child, evidence of like assaults on other occasions is admissible upon the question of intent of accused.

**5. Same—Charge.**

On a trial for aggravated assault alleged to have been committed, as stated in paragraph 1, supra, it was not error for the court, in applying the law to the facts, to fail or refuse to instruct, that to warrant a conviction, such assault must have been without the consent, against the will, and with intent to injure the female.

**6. Same—Intent Presumed—Charge.**

On a trial for aggravated assault by an adult male upon a female child, a charge of court to the effect that when injury is caused by violence to the person the intent is presumed, etc., and further, that "the injury intended may be either bodily pain, constraint and sense of shame, or other disagreable emotions of the mind," is not such objectionable repetition as was likely to or probably did prejudice the rights of the accused.

**7. New Trial—Corrupt Juror.**

On motion for new trial, where one of the grounds was that a certain named juror was corrupt, in that prior to being selected on the jury he had said to the supporting affiant that defendant "ought to be hanged, and that he (the juror) would join a mob," which affidavit was controverted by the juror's statement under oath that he knew nothing of the case when selected as a juror, and that he gave defendant a fair and impartial trial; Held, upon this state of the record the court could not say that the juror was not a fair and impartial juror.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for aggravated assault; penalty, a fine of $100.

The complaint and the information charged appellant, as an adult male, with an aggravated assault upon Bennie Kidd, a female.

The evidence showed that appellant was an adult male 35 or 40 years of age, and that the prosecutrix was a female child under 10 years of age.

The prosecutrix testified to several acts of indecent familiarity with

her person by appellant. She testified that on one occasion appellant pushed open the door of a water closet into which she and her little sister Lillian had gone for private purposes, and that she ran behind the door and her sister into another corner. That appellant came in and pulled up both their clothes and ran his hand up between their legs, and put his hand upon their private parts. As to this matter, she was fully corroborated by the testimony of her sister Lillian.

The appellant, in his own testimony, positively denied that the matters testified to by the prosecutrix had ever occurred.

No further statement necessary.

Appellant's motion to quash the complaint and information was overruled. The grounds of this motion will be found stated in the opinion.

*Russell & Calloway* and *T. P. Whipple,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $100, and he prosecutes this appeal.

Appellant contends that the motion to quash the complaint and information should have been sustained: (1) Because insufficient in law; (2) because the complaint and information fail to allege that said assault was unlawfully committed or was violently committed, or that said assault was made with intent to injure or do harm to the said Bennie Kidd; (3) that the complaint and information fail to allege that the assault was committed against the will, or without the consent, of the party assaulted; (4) that the complaint and information fail to allege the age of the female. Without discussing the question as to the sufficiency of the complaint and information, we refer to the case of Hill v. State, 37 Texas Criminal Reports, 279, where an indictment exactly like the one in this case was passed upon by this court, and the same was held to be good; the objections urged in said case to the indictment being in the main similar to the objections urged in this case to the complaint and information.

Appellant's first ground of his motion for new trial complains of the action of the court in admitting the testimony of C. L. Kidd and Lillian Kidd, which was admitted after the State had closed its case in chief and the defendant had closed his case in chief, which testimony was admitted over the objections of the defendant's counsel, as shown by bill of exceptions. It appears that this testimony was admitted by the court prior to any argument of the case. Article 698 of the Code of Criminal Procedure provides that the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. We think the court acted within the letter and spirit of this statute in the admission of this

testimony, and therefore the court committed no error in admitting the same.

Appellant's second ground of complaint is that the court erred in refusing to give his special charges numbered from 1 to 9, inclusive. We have examined all of said charges, and do not think that they present the law applicable to this case, but believe that the court's charge presented all the law of the case.

His third contention is that the court erred in failing to instruct the jury that the assault charged in the information must have been committed against the will or consent of the said Bennie Kidd. This identical question was also decided adversely to appellant's contention in Hill v. State, 37 Texas Criminal Reports, 279. In that case the court said: "By the fifth request the court was asked to charge that, in order to convict under a count for assault, the evidence must satisfy the jury that the accused committed the alleged indecent act against the will of the child. This the court refused to charge, and in such refusal there was no error. An act such as charged in that count, committed upon a child of such tender years, is criminal, whether with or without her consent. Legally, she has no will to resist or consent. There may be an actual submission of a child without constituting legal consent." The evidence in this case shows that the prosecutrix was about eight years of age, and hence it is immaterial whether she consented or not.

Appellant's fourth ground of complaint is that the court erred in instructing the jury that they could consider the three other transactions testified about by the witness Bennie Kidd, other than the transaction at the closet, for the purpose of determining the intent of the defendant in the act at the closet. The court instructed the jury that they could consider the other acts on the question of intent, and on that question alone. We have heretofore held that in a trial for rape, where evidence was permitted as to a number of acts of carnal intercourse between the parties, before the age of consent was raised to fifteen years,—two of such acts being outside of the county of the prosecution,—that the evidence was admissible to show the probability that defendant committed the offense as charged, in corroboration of the testimony of the prosecutrix. We think the same principle of law applies in this case, and therefore there was no error in the court permitting it to be used for that purpose. Hamilton v. State, 36 Texas Crim. Rep., 372.

Appellant's fifth ground of complaint is to that portion of the "court's charge wherein he attempts to apply the law to the facts of the case in using this language: 'Did commit an aggravated assault on Bennie Kidd, being an adult male, and the said Bennie Kidd being a female, and the said I. R. Rogers did then and there touch or indecently handle the said Bennie Kidd with his hand.'—in this: that the court, in attempting to apply the law to the facts, should have instructed, in the same connection, that such an assault must have been without the consent of the said Bennie Kidd, or against her will, and it must have been

made with intent to injure. In other words, in applying the law to the facts in the same connection, the court should have instructed that it had to be committed against the will of Bennie Kidd, and with the 'intent to injure' her on the part of defendant." In the charge complained of, the court simply stated the facts on that question, and we fail to see how or wherein appellant's rights have been injured. The question as to the court failing to charge on whether the same was done without the consent of the injured·party or not has heretofore been decided against the contention of appellant.

Appellant's sixth complaint is that the court erred in its charge wherein he instructed the jury "that, when an injury is caused by violence to the person, the intent is presumed, and it rests with the person inflicting the injury to show the accident or innocence of the intention; and further erred in repeating in the charge, in the same connection, the following: 'The injury intended may be either bodily pain, constraint, and sense of shame, or other disagreeable emotions of the mind.' This last excerpt from the charge is not so much objected to on the ground that it was not a proper statement of the law, but that it was an undue and illegal repetition of the same matter previously stated in the charge, and was calculated to impress the jury with the opinion that it was the sense of the court that such injury was a natural result of the act attributed to defendant. The first excerpt from the charge stated in this clause of the motion, while it states the language of the statute substantially, yet it has no place in a charge submitting the law applicable to the case. The language, 'When an injury is caused by violence,' etc., is calculated to impress the jury that it is the conclusion of the court, and of the law, in this particular case, that an injury had been caused from the defendant's acts, and, being the result of this act, the burden was on him to show to the jury that it was accidental or innocently caused." We have examined the charge in the particulars complained of, and have studied appellant's exception as quoted above, and, to our minds, it is hypercritical. While there may be a little repetition, as indicated in the exception, yet it is not of a character that was likely to, or probably did, prejudice the rights of appellant.

Appellant's seventh assignment is that he was entitled to a new trial because the juror W. D. Knowles was not a fair and impartial juror; and he attached to his motion the affidavit of E. V. Mallette, who swears that the juror Knowles stated to him, prior to being selected as a juror, that the appellant ought to be hanged, etc., and that he (said juror) would join in a mob. The juror Knowles, however, controverts this, and swears that he could and did give defendant a fair and impartial trial, and that he knew nothing of the facts of the case at the time he was selected as juror. This being the state of the record, we are unable to say, from the facts adduced by said affidavits, that the juror W. D. Knowles was not a fair and impartial juror.

It is also contended that the verdict of the jury is contrary to the law,

and against the facts of this case. We do not think it is contrary to either the law or the evidence. The evidence amply supports the conviction, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]