Elijah Bryant v. The State.

No. 2960.   Decided March 9, 1904.

1.—Rape—Charge of the Court—Age of Consent.

A charge generally defining the offense of rape, and limiting the consideration of the jury to the carnal intercourse of a female under the age of fifteen years, as alleged in the indictment and supported by the evidence, is correct.

2.—Same—Assault to Rape—Harmless Error.

Where the court charged the definition of assault with intent to rape, the evidence showing that the offense was consummated, if error, is not of such a character as to injure the rights of defendant.

3.—Same.

Where the evidence shows rape, or nothing, it was not error on the part of the court not to submit a charge on an assault with intent to commit rape.

Appeal from the District Court of Waller.   Tried below before Hon. Wells Thompson.

Appeal from a conviction of rape; penalty, five years imprisonment in the reformatory.

The opinion states the case.

No briefs of appellant have reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a case of rape, the penalty assessed being confinement in the reformatory for a term of five years. The evidence on the part of the State shows that prosecutrix was a girl about 12 years of age; that defendant threw her down in her father's

house, and had carnal intercourse with her. This is the substance of prosecutrix's evidence. The witness Mrs. Bailey testified that she saw defendant and the girl enter the house. After they had been in there a little while she suspected something; went to and entered the house. She saw defendant on top of prosecutrix; did not know whether he penetrated her; but he was making the motion men usually make when engaged in sexual intercourse. "When I went in defendant jumped up and offered me a dollar if I would not tell anybody. I told him I was going to tell her father; and after I said that, Estella (prosecutrix) said she was going to tell him, too; and she went off." This is the State's case. The defendant's case is, that he and prosecutrix went into the house; that she put her little brother out of the house, shut the doors, closed the windows, and they lay down on the pallet together; that he had not done anything when Mrs. Bailey entered the room, but was in a state of preparation and was getting himself ready to have intercourse with the girl with her consent. He said that he had not even unbuttoned his pants.

Exception was reserved to the court's charge in regard to the definition of rape. That portion of the charge is a general definition of rape, with the general statement that rape is the carnal knowledge of a woman without her consent, obtained by force, threats or fraud; or the carnal knowledge of a female under the age of 15 years other than the wife of the person having carnal knowledge of her, with or without her consent, and with or without the use of force, threats or fraud." Applying the law to the facts, however, the court limited the consideration of the jury to the carnal intercourse of a female under the age of 15 years as charged in the indictment. There was no error in this.

Exception was also reserved to the charge because of the court's definition of assault; that such a charge was not authorized except in cases of assault with intent to rape. While it was not necessary to give the definition of an assault in the consummated offense, still, if error at all, it is not calculated to injure defendant, for under the testimony there was an assault.

Error is also assigned because the court failed to charge on an assault with intent to commit rape. There were no facts in the case justifying this. It was either rape or nothing. Defendant says he had done nothing, but was lying down by the girl, getting himself ready for the act of intercourse. The State's case is clearly made out. So there is no evidence justifying a charge of assault with intent to rape. The evidence is amply sufficient, and the judgment is affirmed.

*Affirmed.*