## GEORGE A. KNIGHT v. THE STATE.

### No. 3163. Decided March 8, 1905.

**1.—Aggravated Assault—Indecent Familiarity With Female Child.**

Where the evidence showed indecent familiarity of an adult male with a female child, it constituted an aggravated assault whether committed with or without the consent of the child.

**2.—Same—Charge of Court—Two Counts.**

Where the indictment contained two counts, one for an assault of an adult male upon the person of a female, and the other for an assault upon the same female, who was then and there a child, and the court charged that if defendant put his hands upon the private parts of the prosecutrix and she was a female child, to convict, it was a direct application of the law to the facts and a submission of the second count, and not a charge on both counts, and the word "female" as used could not possibly have injured the defendant as there was no contention that she was other than a female child.

**3.—Same—Motion For New Trial—Newly Discovered Evidence.**

Where three of the witnesses for whose testimony defendant sought a new trial had been under the rule during the trial, and had not been placed on the witness stand by him, and the other witness was defendant's son, who helped him in his store and who he said was at the store at 10 o'clock in the morning of the alleged assault; defendant proposing to show by these witnesses that the prosecutrix had not been at his store on the forenoon of the day of the alleged assault; and contending that he was misled into the belief that she would lay the time of said assault. in the afternoon instead of the forenoon, and he made no attempt to continue or postpone the trial for his son's testimony (the other witnesses having been present at the trial, but not used by him), when he heard prosecutrix's testimony that the alleged assault occurred in the forenoon, there was no error in refusing the motion for new trial on the ground of newly discovered evidence.

**4.—Same—Conflict of Evidence—Verdict.**

Where the testimony of the prosecutrix sustained, and the defendant denied the assault upon her, the verdict will not be disturbed.

Appeal from the County Court of Montague. Tried. below before the Hon. W. W. Cook.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $100. The indictment contained two counts; first, that he was an adult male and committed the assault upon the person of Enid Justin, then and there a female;. and second, that the aggravated assault was committed upon the same girl, who was then and there a child. The State's case was made out by the little girl, who was just over 9 years of age, under the authority of Hill v. State, 37 Texas Crim. Rep., 279; and Rogers v. State, 40 Texas Crim. Rep., 355. She testified that she was in the store of appellant returning from her father's shop to her home in the rear of appellant's store; that he caught her and put her on his lap, ran his hands up under her dress, and placed his hand upon her privates, inserting one of his fingers. This he denies. There were no other witnesses to the main facts. There was testimony indirectly attacking the little girl's testimony, by some witnesses who placed themselves in such position that they would have known of her presence in the store, and who stated she was not there. The court charged the jury, if they should find from the evidence, beyond a reasonable doubt, that defendant is an adult male, etc.; and that. he assaulted Enid Justin, as alleged, by putting his hand upon her private parts, and that Enid Justin is a female child, they would find him guilty of aggravated assault. Exception was reserved to this, because it did not require the jury to find the act of familiarity of appellant with said Enid Justin to have been committed without her consent. In other words, the

point of exception is, if the familiarity was by the consent of the girl, it would not constitute an assault. This question was decided adversely to his contention in the two cases cited above. There were no special charges requested by appellant. The motion for new trial also attacks this phase of the charge as erroneous, because it combines two distinct counts in one charge. We think this criticism is rather hypercritical. The court instructed the jury, as above stated, that, if he put his hands upon the private parts of Enid Johnson, and she was a female child, they should convict. The objections seem to be based upon the insertion of the word "female" before the word "child," and thus qualifying the word child. This was a direct application of the law to the facts, and a fair submission of the second count in the indictment. There was no contention that she was otherwise than a female child, and under no aspect of the case could this have possibly tended to injure appellant.

Motion for new trial was sought on the ground of newly discovered testimony. The absent witnesses were Will Miles, Herb Foshee, and Charley Knight. So far as Miles and Foshee are concerned, it is sufficient to say they were present at the trial and under the rule as witnesses, but were not used by appellant. The theory of this phase of the motion is that he understood the girl would charge him with committing the assault in the afternoon. He proposed to prove by these witnesses that they were there in his house during the forenoon, at which time the girl, on the witness stand, stated the assault was committed. They state in their affidavit that they were there in the morning awhile, trying to make a contract with appellant to haul some oats to the railroad, for the purpose of loading it on the cars. Under no possible aspect could this be newly discovered evidence. These witnesses were at the trial. If they were at the store, appellant knew it, because he talked with them in regard to making the contract; and when the girl testified to the transaction as having occurred in the morning, and he knew these witnesses were in the store in the morning, if it was a fact, he had them under the rule as witnesses and failed to use them. Charley Knight, by whom he expected to prove the same facts, is the son of appellant, and stayed in his place of business with appellant. The witness March was also summoned as a witness, and was present at the trial, but not used. The testimony of defendant was taken on the motion for new trial, and he says Miles and Foshee were present, sworn, and put under the rule, but were not placed on the stand. He stated his son, Charley, was in the feed store until about 10 o'clock on the morning of the alleged assault but he did not have him subpœnaed, thinking the Justin girl would testify that the assault occurred in the afternoon. There was no attempt on the part of appellant to continue or postpone during the trial, after the girl testified that the assault was committed in the morning. His theory was that he was misled by information into the belief that she would lay the time of the transaction in the afternoon. If that position of appellant

was correct in his own mind, he ascertained immediately upon hearing the testimony of the girl that she laid the time of the transaction in the forenoon. If his son was there until 10 o'clock in the morning, and these other witnesses were there about the store, as he must have known, if it was a fact, he should then have moved to postpone the case, setting up the reason, to procure the testimony of his son. There could have been no reason, so far as the other witnesses were concerned, because he had them present and under the rule. There was no error in refusing the motion for a new trial.

The testimony of the girl under the authorities in this State, was sufficient to justify the conviction. This was denied by appellant; and there was a direct issue of fact. The jury settled it adversely to appellant. The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.