### Gaylon Price v. The State.

#### No. 6513. Decided January 11, 1922.

**1.—Assault With Intent to Rape—Aggravated Assault—Charge of Court—Consent.**

Where, upon trial of assault with intent to rape and a conviction of aggravated assault, the trial judge in submitting his charge on aggravated assault apparently proceeded upon the theory that inasmuch as the prosecutrix being under eighteen years of age and therefore precluded by law from giving her consent to carnal knowledge was also incapable of consenting to indecent familiarity, the same was reversible error, as defendant's guilt of aggravated assault would depend upon whether defendant's conduct was without the consent of the prosecutrix. Following Hand v. State, 88 Texas Crim. Rep., 431.

**2.—Same—Charge of Court—Intent—Consent.**

Where, upon trial of assault with intent to rape and a conviction of aggravated assault, the evidence presented an issue of fact concerning the effect of the defendant's conduct upon the prosecutrix, his intent in committing it and her consent to it, these issues should have been submitted to the jury, as requested.

Appeal from the District Court of Terry. Tried below before the Honorable W. R. Spencer.

Appeal from a conviction of aggravated assault; penalty, a fine of $400.00.

The opinion states the case.

*G. E. Lockhart,* and *Percy Spencer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Under a charge of assault with intent to rape, the conviction is for aggravated assault.

The prosecutrix was under eighteen years of age, and testified to certain conduct of the appellant upon which the issues of assault with intent to rape and aggravated assault were submitted to the jury. The finding was against the State as to the former, and against the appellant as to the latter.

Appellant complains of the charge on aggravated assault, wherein is embodied the following language:

"If the female is alleged and proven to be under the age of eighteen years, and there is evidence that defendant took hold of her without the intent to then and there have carnal knowledge of her, and there is proof of indecent familiarity, and if you so believe beyond a reasonable doubt, you will find the defendant guilty of an aggravated assault."

This charge, under the denied facts, left no room for other than the verdict of guilty. The judge apparently proceeded upon the theory that inasmuch as the prosecutrix, being under eighteen years of age and therefore precluded by law from giving her consent to carnal knowledge, was also incapable of consenting to familiarity. We regard this as a mistaken interpretation of the statute. The jury having found that he had no intent to commit rape, his guilt of aggravated assault would depend upon whether his conduct was without the consent of the prosecutrix and whether it did, in fact, produce a sence of shame or other disagreeable emotion of the mind. In a similar case, it is said "that if the familiarity did not create a sense of shame and not contrary to the will of the prosecutrix, there would be no offense." Hand v. State, 88 Texas Crim. Rep., 431. We do not quote the evidence, but we have carefully read it. The incident took place while the prosecutrix and appellant were riding together in an automobile at night-time. They had a companion, a young man. He got out of the car at a certain point. Appellant, a youth of about seventeen years of age, and the prosecutrix, riding on the front seat of the car, turned into a lane and proceeded some distance away. The car was stopped. The appellant put his arms around the prosecutrix and used words indicating the wish that she submit to him and asked her to get on the back seat with him. This she did. On direct examination she said: "Then he told me to get on the back seat, and he threw me on the back seat of the car." On cross-examination, she said: "We were sitting on the front seat, and he asked me to get over on the back seat and I did. He didn't throw me on the back seat, but he had hold of my arm and made me get over there. He had hold of my arm all of the time. He asked me to get there on the back seat and I did so. He didn't throw me on the back seat. He just the same as done it, he had hold of my arm. I objected to getting over there."

There are other curcumstances indicating that the advances of the appellant were not objectionable. Their companion in the automobile on the occasion mentioned above, had previously, upon the same evening, committed an indecent assault upon the prosecutrix. She was voluntarily in his company and that of appellant. She consented to turn aside with the appellant after their companion got out of the car, although her acquaintance with the appellant was slight. When she returned, her parents had discovered her absence and were looking for her. Under these circumstances she reported the assault.

The evidence, we think, presents an issue of fact concerning the effect of the appellant's conduct upon the prosecutrix, his intent in committing it and her consent to it. These issues were not submitted to the jury but practically withdrawn from them by the charge from which we have quoted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*