For the reasons stated the motion for rehearing will be granted, the affirmance set aside, and the judgment reversed and the cause remanded.

---

## SCHROEDER v. STATE. (No. 6799.)

(Court of Criminal Appeals of Texas. May 17, 1922.)

1. **Indictment and information ⬥125(37)—Rape ⬥34(4)—Indictment for rape of a woman under 18 years held not insufficient or duplicitous by averment of force and nonconsent.**

While an assault to rape a woman above the age of 18 years must be by force, threats, or fraud, if of a female under the age of 18 years, it is rape whether with or without consent, force, threats, or fraud (Pen. Code 1911, art. 1063), and an averment in a prosecution for assault with intent to rape a girl under 18 that carnal knowledge was had by force, and without prosecutrix's consent, did not render it duplicitous nor otherwise inadequate, for the statute does not create two offenses.

2. **Indictment and information ⬥191(8)—Offense of rape held to include assault with intent to rape.**

Under Pen. Code 1911, art. 1029, providing that, "if any person shall assault a woman with intent to commit the offense of rape, he shall be punished," etc., the offense of rape includes within it the assault with intent to rape.

3. **Rape ⬥16(5)—A prosecution for assault with intent to rape may be maintained upon facts showing consent of prosecutrix under 18 years of age.**

A prosecution for assault with intent to rape may be maintained upon facts showing that the injured party gave her consent, and that no force was used, when she was under the age of 18 years.

4. **Rape ⬥34(4)—Fact of assault with intent to have carnal knowledge of female under 18 years is a sufficient description without charging force.**

In an indictment charging assault with intent to rape a female under 18 years, it is not necessary to charge that force was used; the mere fact that it was an assault with intent to have carnal knowledge of a female under the age of 18 years being a sufficient description.

5. **Indictment and information ⬥119—Rape ⬥16(5)—The term "woman" includes a female under the age of 18 years, and allegation of age of assaulted female may be disregarded as surplusage.**

The term "woman" in the statute defining assault with intent to rape (Pen. Code 1911, art. 1029) includes a female under the age of 18 years, and, in an indictment charging an assault with intent to rape a woman under 18 years, the averment as to age may be treated as surplusage, it not being descriptive of an assault with intent to rape with force, threats, and fraud, and may be disregarded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Woman.]

6. **Indictment and information ⬥167—Allegation of force and nonconsent, although not essential to an indictment, must be proved where alleged.**

While an indictment for assault to rape a woman under 18 years of age need not allege force and nonconsent, yet where it so alleges such matters must be proved.

7. **Criminal law ⬥763, 764(17)—Instruction that letter introduced to impeach prosecutrix was not to be considered in determining guilt held error as on the weight of evidence.**

In a prosecution for rape, where prosecutrix denied authorship of a letter written subsequent to the alleged occurrence, important as bearing on her credibility, if in fact she wrote it, and its consents are not only self-contradictory of her inculpatory testimony, but suggest a sinister motive for the prosecution, an instruction so framed as to impress the jury that, in determining whether defendant was

guilty, the letter was not to be taken into account, *held* objectionable as being upon the weight of evidence.

**8. Rape ⚙︎59(23)—Instruction on aggravated assault held error.**

An instruction that, if the defendant unlawfully took hold and handled the prosecutrix without the present intention to so subject her to his powers as that he then might accomplish the act of carnal knowledge of her, then he would be guilty of an aggravated assault, whether she consented or not, *held* erroneous, since, if he took hold of prosecutrix with no intent to injure her, and with her consent, there would have been no assault, under Pen. Code 1911, art. 1022.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

J. E. Schroeder was convicted of assault with intent to rape, and he appeals. Reversed.

Styles, Krause & Erickson, of Bay City, A. E. Masterson and A. R. Rucks, both of Angleton, and Love, Wagner & Wagner, of Houston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for assault with intent to rape; punishment fixed at confinement in the penitentiary for a period of two years.

[1] In the indictment, it is charged:

That the appellant " * * * did then and there unlawfully in and upon Rada Bowers, a female, then and there under the age of eighteen years, and other than 'the wife of the said J. E. Schroeder, did make an assault and did then and there by force and without her consent *attempt to ravish and have carnal knowledge* of the said Rada Bowers against the peace and dignity of the state."

[2] Our statute defining rape does not create two offenses. If the assault be committed upon a woman above the age of 18 years, it must be by force, threats, or fraud. If upon a female under the age of 18 years, it is rape whether with or without consent, and with or without the use of force, threats, or fraud. Penal Code, art. 1063. The averment in the indictment that the carnal knowledge was had by force, and without the consent of the prosecutrix, did not render it duplicitous, nor otherwise render the indictment inadequate. In the definition of assault with intent to rape, it is said:

"If any person shall assault a woman with intent to commit the offense of rape, he shall be punished," etc. Pen. Code, art. 1029.

The offense of rape includes within it the assault with intent to rape. Code Cr. Proc. art. 772, subd. 12.

[3] That prosecution for the offense of assault with intent to rape may be maintained under the statutes of this state upon facts showing that the injured party gave her consent, and that no force was used when she is under the age of 18 years, may be considered settled by the previous decisions of this court.

[4] In an indictment for assault with intent to rape upon a female under the age of 18 years, it is not necessary to charge that force was used. The mere fact that there was an assault with intent to have carnal knowledge of a female under the age of 18 years would be a sufficient description. Nicholas v. State, 23 Tex. Cr. App. 327, 5 S. W. 239; Cromeans v. State, 59 Tex. Cr. R. 617, 129 S. W. 1129; Buchanan v. State, 41 Tex. Cr. R. 129, 52 S. W. 769.

[5] The term "woman" in the statute defining assault with intent to rape (article 1029 of the Penal Code) includes a female under the age of 18 years. This is specifically stated in Cromeans v. State, supra. It follows, therefore, that the indictment in the instant case charged an assault with intent to rape upon Rada Bowers, a woman, and is not, therefore, duplicitous. Treating it as a charge of assault to rape upon a woman, the averment that the injured party was under 18 years may be treated as surplusage. It is not descriptive of an assault with intent to rape by force, threats, or fraud. Nicholas v. State, supra. Not being descriptive, they may be disregarded. Branch's Ann. Texas Penal Code, § 508.

[6] In submitting the case to the jury, the court proceeded upon the theory that there might be a conviction of assault with intent to rape under the indictment, although there was no intent to have carnal knowledge with the prosecutrix without her consent, and no force used to subject her to his will without her consent. This character of charge would have been appropriate under a different averment in the indictment, but it does not conform to the offense charged, which, to quote the indictment, was "an assault to then and there, by force and without her consent, ravish her." This conclusion may be somewhat at variance with the opinion in the case of Buchanan v. State, 41 Tex. Cr. R. 132, 52 S. W. 769. If so, that case is out of harmony with others of earlier and later dates. For example, in the Cromeans' Case it is said:

"Rape on a girl is with or without her consent, and with or without the use of force, and an indictment for such offense need not allege force (but if force is alleged it must be proved)."

The case of Morgan v. State (Tex. Cr. App.) 50 S. W. 718, was one in which the prosecution was for assault with the intent to rape. The court said:

"The indictment is in two counts. Both counts charge an assault with intent to commit rape by force, and without the consent of the prosecutrix. The fact that the prosecutrix is alleged to be under the age of 15 years thus becomes immaterial, for, in any event, in order to sustain a conviction, the allegation of force charged in the indictment was required to be proved. The court, in its charge, as seen above, presented a case of rape without force upon the prosecutrix, with the intent to have carnal knowledge of her, she being at the time under the age of 15 years, and not the wife of defendant. This is not the case presented in the indictment, for, as we have seen under it, the state could only procure a conviction by the use of force, and against the consent of the female."

In the Jenkins' Case, 34 Tex. Cr. R. 201, 29 S. W. 1078, the charge was rape. There was a conviction of that offense. The indictment read.

" * * * That the defendant, Jim Jenkins, made an assault on Nannie Mathews, and that by force, threats, and fraud, and without the consent of the said Nannie Mathews, he did then and there ravish and have carnal knowledge of her."

She was 11 years of age at the time. The court instructed the jury that, if they found that the prosecutrix was under 12 years of age at the time the offense of rape was charged to have been committed, and if they further find from the evidence, beyond a reasonable doubt, that the defendant had carnal knowledge of the said Nannie Mathews, to convict. The court also charged that, if she was over 12 years of age, and defendant had carnal knowledge of her without her consent, and by force, to find him guilty. The court said:

"While it would be permissible to show that the prosecutrix was under the age of consent, yet in order to sustain the charge a rape by force must be shown, and nothing less than this would suffice to sustain the allegation of the indictment. Nicholas v. State, 23 Texas Crim. App. 317; Moore v. The State, 20 Texas Crim. App. 275. In this case, however, the jury were instructed, if they found the female was under the age of consent, and the defendant had carnal knowledge of her, to convict him; that is, the court ignored the charge contained in the indictment, and told the jury to convict defendant on a state of case not set out in the indictment. This was error."

These decisions are in accord with the general rule demanding that the averment and proof correspond. The appellant in the instant case, having been called upon to answer the charge that he had committed an assault with intent to force the prosecutrix to submit to him without her consent, was not called upon to answer the' averment that his intent was to obtain her consent to the carnal knowledge.

[7] According to the theory of the state, the alleged injured party, Rada Bowers, had forged some checks. Her father advised with the appellant with the view of avoiding prosecution. Appellant undertook to render aid and advice, and agreed to take the girl to his home, where he would give her clothes and send her to school in return for aid that she might give his wife. While in her company with this understanding, according to her testimony, he made several assaults upon her. One of these assaults was made, according to her testimony, in January, 1921, the date of the offense laid in the indictment which was presented in September, 1921. According to her testimony, all of the advances of the appellant were without her consent, and against her protests, though she does not claim that he pressed the matter to accomplishment. According to the state's theory, some of the advances were in September, previous to January, 1921. The alleged misconduct was first revealed to her sister, with whom she was in daily contact, immediately after the occurrence on the 18th day of January. The disclosure, however, did not bring about a rupture between the friendly relations. It was not communicated by her to her father, but ultimately reached him, and she, upon questions by him, admitted the occurrence.

Appellant denied categorically the improper advances and assault, and introduced in evidence a letter which he claimed to have received from the prosecutrix, and presented the theory that it was only after and because of his refusal to comply with the demand suggested in the letter that the prosecution was established by the father of the prosecutrix. The letter read thus:

"Austin Bayou, July 13, 1921.

"Mr. Schroeder: Papa told me to write you and tell you he said if you would give him $500 he would not bother you any more. Now I have already told papa & Chester & Harold that you did not bother me but was always good to me. Please do this Mr. Schroeder.

"Rada Bowers."

There was an issue touching the authenticity of this letter. Referring to it in its charge, the court used this language:

"The letter dated July 13, 1921, offered in evidence by defendant, was admitted in evidence, as it might or might not, in your judgment, affect the credibility of the witness Rada Bowers. The fact whether or not said letter was written by said witness Rada Bowers or some one else is a question of fact for you to pass upon. If you believe from the evidence, beyond a reasonable doubt, that the defendant is guilty of the offense charged, then the fact of whether or not said witness Rada Bowers wrote said letter becomes immaterial in this case."

The prosecutrix having denied the authorship of this letter, its importance as bearing on her credibility if, in fact, she wrote it, is obvious. It contains a matter which is

not only self-contradictory of her inculpatory testimony upon the trial, but suggests a sinister motive for the prosecution. See Eppison v. State, 82 Tex. Cr. R. 367, 198 S. W. 948. In his treatment of this letter, as reflected by the charge quoted, it is believed that the learned trial judge fell into error. The charge is so framed as to impress the jury that, in determining whether the appellant was guilty, the letter was not to be taken into account. This apparently was on the weight of the evidence. The state relied mainly upon the testimony of the prosecutrix. Unless her testimony was believed, there could be no guilt. On its face the letter is a cogent matter against the truth of her testimony.

[8] On aggravated assault the court charged as follows:

"If the defendant unlawfully took hold and handled Rada Bowers on or about the time alleged in the indictment, without the present intention to so subject her to his powers as that he then might accomplish the act of carnal knowledge of her, then he would be guilty of an aggravated assault, whether she consented or not; provided the defendant was an adult male and that she was a female."

Prompt and adequate objection to this paragraph was made, and should have resulted in an amendment of the charge. If appellant did no more than is recited in the quoted charge and did that with the consent of the prosecutrix, he was guilty of no offense. While the prosecutrix denied the consent, there are circumstances from which the jury might have reached a different conclusion. If he merely took hold of the prosecutrix with no intent to injure her, and with her consent, there would have been no assault within the meaning of article 1022 of the Penal Code. The prosecutrix, being under 18 years of age, was unable to consent to the violation of her person, but the law does not extend to the point indicated by the charge quoted. Hand v. State, 88 Tex. Cr. R. 442, 227 S. W. 194; Price v. State (Tex. Cr. App.) 236 S. W. 722.

The errors pointed out require a reversal of the judgment, which is ordered.