O'Brien Stevens, Crim. Dist. Atty., and E. T. Branch, both of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

**LATTIMORE, J.**

Conviction for possessing morphine; punishment, two years in the penitentiary. See article 720, P. C.

[1] The facts in this case show without dispute that appellant was in possession of morphine in the city of Houston. Appellant contends, as we understand him, that the evidence is not sufficient to support the convic-tion. We find nothing in the record bearing out such contention. Appellant's car was searched with his consent, and a quantity of morphine found therein which he admitted to be his. This was put before the jury without objection. We find nothing indicating any defensive theory.

 It is contended that the venue was not proved. One of the presumptions on appeal is that the venue was established, and such presumption is binding upon us unless it appears from the record that this was made an issue in the court below, by which we understand is meant that the matter of venue must have been an issue during the trial of the case and before the verdict was reached. No such issue was made in the instant case. However, it appears from the testimony without dispute that the place where appellant was found in possession of the drug was in the city of Houston. We know judicially that Houston is the county seat of Harris county.

Finding no error in the record, the judgment will be affirmed.

### CARTER v. STATE.
### No. 14895.

Court of Criminal Appeals of Texas.
April 20, 1932.

Rehearing Denied June 15, 1932.

R. W. Calvert and J. E. Clarke, both of Hillsboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

Under an indictment charging rape, appellant was convicted of aggravated assault, and his punishment assessed at one-year confinement in jail.

The girl upon whom the offense was alleged to have been committed, Georgia Ruth Hutchison, testified that she was 11 years of age; that she had seen the appellant a number of times; that he lived right back of her father; that on the day of the alleged offense she went with a girl by the name of Virginia Wallace to church and they stayed together most of the day; after church they went by her home to see if she could go with the witness, and they then went to the home of the witness and stayed there all of the morning and until about 4:30 o'clock that afternoon; they then went over to the compress to see the Wallace girl's uncle; when they got to the compress, they went up to the little house and found Mr. Carter was up there; that they asked him if it would hurt if they played around a while, and he said it would be all right; they then started playing, and appellant came down to where they were playing on some bales of cotton; that some of the bales were standing up on end and some were down flat on their side; when the appellant came to where they were, he put them up on top of a tall bale of cotton, and he then lifted the two girls down and put them up there again, and he then lifted the witness down and laid her on a bale of cotton that was lying on its side and laid her on her back and unbuttoned his trousers and got on top of her; he then separated her knees and got on top of her and got his privates out; that he inserted his privates into her about half an inch; after he got through, she felt dirty and nasty about the waist; that she had had occasion before that to visit in the home of the appellant and play around in his house, and while she was playing around the house he would try and catch her and stick his finger into her privates. She further testified on cross-examination that the appellant had played with them; that he was fond of children and was kind and good to them; at the time she spoke of about his having put his finger into her privates, she had on bloomers and he would just take hold of her and put his finger in her privates; that she did not make any complaint about that to the other children or to her mother or anybody. She testified that on the occasion at the compress that she had on bloomers and appellant didn't pull her bloomers off, but pulled them down; he did not stay on her very long, about a minute or two; that she did not holler or say a word. She further testified that the appellant took her and the girl, Virginia Wallace, both down off of the cotton and put them both back twice before he did anything. She further testified on cross-examination that appellant never said a word to her and never threatened her and never opened his mouth; that when he got on top of her she did not do or say anything, but tried to get up and could not; that she never did see his privates, but she knew he took them out because it did not feel like his finger. She further testified on redirect examination that she did not tell her mother or other people about it because she was afraid, and the reason she did not holler when he had her down on the bale of cotton was that she was afraid he might do something to her; that he had not offered to do anything to her and had not threatened to hurt her, but that she was afraid he would; that, during the time the appellant had her down on the bale of cotton, he held her down.

The girl, Virginia Wallace, testified that she was 10 years old, and her testimony was substantially the same as that of the witness Georgia Ruth Hutchison as to what occurred on the occasion in question, except in addition she testified that, after the appellant had taken Georgia Ruth down and put her back on the bale of cotton, he then took her down and laid her on the bale of cotton and got on top of her; that she did not cry or holler; that he hurt her a little; that he did not threaten her and did not say anything to her; that while he had her down on the bale of cotton he put his privates into her; that neither she nor Georgia Ruth tried to run. She further testified that she had her bloomers on all the time while she was down on the bale of cotton and he was on top of her; that when they got back to Georgia Ruth's house Georgia Ruth's father was there, but they did not tell him what happened. On redirect examination she testified that when the appellant got on top of her he pulled her bloomers down but did not take them off.

The appellant testified that he was 71 years of age, and denied in toto the testimony of the children, save and except that they did come down to the compress and asked him if they could play on his cotton, and he gave his consent, and prosecutrix asked him if he would not go out there with them, and he went out there where they were and stayed about five minutes. He also proved a good general reputation by a number of witnesses.

In submitting the case to the jury, the court submitted the issues of rape, assault with intent to rape, and aggravated assault.

There are no bills of exception appearing in the record. However, appellant excepted to the court's charge because of it charging on the law of aggravated assault, upon the ground that said issue had not been raised by the evidence in this case; all the evidence adduced by the state showing a complete offense of rape, and the testimony of the de-

fendant being that he in no wise or manner laid his hand upon the prosecuting witness.

It has been held under the provisions of our Code of Criminal Procedure that the offense of rape includes the lesser offense of aggravated assault. See Martin De La O v. State, 94 Tex. Cr. R. 204, 250 S. W. 182; Shroeder v. State, 92 Tex. Cr. R. 7, 241 S. W. 169.

Appellant seeks a reversal of this case on the ground that there is no evidence to support the verdict of the jury, because the issue of aggravated assault is not raised by the evidence, because all the evidence adduced by the state showed that, if the appellant was guilty of anything, that he was guilty of the offense of rape. Article 694, C. C. P., pro- vides: "In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included." Sub- division 9 of article 753, C. C. P., provides: "A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found. guilty of an offense of inferior grade to, but of the same nature as, the offense proved."

The appellant concedes that there is a line of decisions in this state holding that a conviction of manslaughter would be sustained though the evidence establishes the offense of murder, and also that convictions of aggravated .assault have been sustained in this state in cases where the defendant was charged with and tried for some offense of a higher degree. Should it be conceded that the evidence was sufficient, if believed, to sustain a conviction of the appellant for the offense of rape? We are unable to perceive how the appellant can maintain the position that the trial court committed reversible error in giving to the jury a charge more favorable to the accused than was warranted by the facts.

In the cases of Gatlin v. State, 86 Tex. Cr. R. 339, 217 S. W. 698, and Campbell v. State, 65 Tex. Cr. R. 418, 144 S. W. 966, this court held that one convicted of an inferior grade of homicide could not complain upon the proposition that the facts in evidence showed him to have committed a graver offense. We see no reason to apply to a conviction of aggravated assault in the case where the appellant was charged with the offense of rape a different rule from that applicable in a case of homicide. See, also, High v. State, 54 Tex. Cr. R. 333, 112 S. W. 939.

The appellant also takes the position that the want of consent is necessary to criminal responsibility for aggravated assault predicated upon familiarities and fondling of the person, even though the female is under 18 years of age, and, even if the appellant did fondle the person of the complaining witness, there is no evidence that it was done without her consent, and therefore appellant could not be convicted of aggravated assault, citing in support of said position, Price v. State, 90 Tex. Cr. R. 534, 236 S. W. 722; Hand v. State, 88 Tex. Cr. R. 422, 227 S. W. 194; Shroeder v. State, 92 Tex. Cr. R. 7, 241 S. W. 169.

The cases cited apparently support the contentions of the appellant. The opinion in neither the Price Case, supra, or the Shroeder Case, supra, states the age of the alleged injured female except that she was under the age of 18 years. An investigation of the record in these cases reveals the fact that in one of the cases the alleged injured female was 15 years of age and in the other 14 years of age. Subdivision 5 of article 1147, P. C., provides that an assault and battery becomes aggravated when committed by an adult male upon the person of female or child, or by an adult female on the person of a child.

Presiding Judge White, in the case of Bell v. State, 18 Tex. App. 53, 51 Am. Rep. 293, in passing upon the question of what was meant by the statute when it used the word "child," as used in article 1147, supra, used the following language: "The proper meaning of the word 'child' has not, if our recollection serves us, ever been defined. There is no difficulty in its definition, however, when our statutory rules of construction are applied. One of these rules is that 'words which have their meaning specifically defined shall be understood in that sense though it be contrary to their usual meaning, and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed.' (Penal Code, art. 10.) Again: 'All words and phrases used in this Code are to be taken and understood in their usual acceptation in common language, except where their meaning is particularly defined by law.' (Code Crim. Proc., art. 59.) Resort, then, must be had to the common meaning and acceptation of the word 'child.' Mr. Webster defines it to mean 'a young person of either sex; hence one who exhibits the character of a very young person;' and this is its common acceptation. It means a young person as contradistinguished from one of age sufficient to be supposed to have settled habits and fixed discretion. Mr. Webster defines the word 'boy' to mean 'a male child from birth to the age of puberty;' and 'puberty' in civil law is 'the age in boys of fourteen and in girls of twelve years.' (Bouvier, Law Dic.) As the law now stands, we believe that the age of fourteen in boys and twelve years in girls limits the age of childhood."

It has been held in a number of cases of aggravated assault in this state, where the assault was made upon a child, that the apparent consent of a child of tender years will

not necessarily be an answer to a charge of aggravated assault, and that such an act committed upon a child of tender years is criminal whether with or without her consent upon the grounds that she has no will to resist or consent, and there may be actual submission of a child without constituting legal consent. See Hill v. State, 37 Tex. Cr. R. 283, 38 S. W. 987, 39 S. W. 666, 66 Am. St. Rep. 803; Rogers v. State, 40 Tex. Cr. R. 357, 50 S. W. 338; Scroggins v. State (Tex. Cr. App.) 51 S. W. 232; Knight v. State, 48 Tex. Cr. R. 41, 85 S. W. 1067; St. John v. State, 77 Tex. Cr. R. 290, 178 S. W. 360.

The rule laid down in the cases cited by appellant, wherein it is held that, in order to constitute an aggravated assault, it must be proven to have been without the consent and against the will of the female even though she be under 18 years of age, applies only to cases where the alleged female is not a child within the meaning of the law. The mere submission of a child when in the power of a strong man and most probably acted upon by fear can by no means be taken to be with such consent that will justify a person in point of law.

The two little girls were the only witnesses introduced on this branch of the case, and the testimony of the girl alleged to have been assaulted proves an indecent fondling of her person and private parts by appellant. Appellant did not testify on this point at all. He denied the entire transaction, stating that nothing of the kind occurred. The evidence shows without controversy that the injured child was only 11 years old and her companion was 10 years of age, each of such tender years that under the law they could not have been held to have consented to the indecent fondling of their persons by appellant.

No reversible error appearing in the record, the judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

### LATTIMORE, J.

In his motion for rehearing appellant renews his insistence that our holding the trial court not in error in charging the jury on ag-

gravated assault is in conflict with prior opinions of this court, notably Dusek v. State, 48 Tex. Cr. R. 519, 89 S. W. 271, and Charles v. State, 81 Tex. Cr. R. 459, 196 S. W. 179.

We find nothing in the Dusek Case, supra, indicating that the alleged assault was upon a child of tender years who, both from the record and in the very nature of things, would have little understanding of what would be a completed act of intercourse, as is the case before us. The opinion in the Dusek Case, supra, is not very clear in its fact statements, but seems to indicate that all the legitimate testimony showed a completed act of intercourse with a woman. Even so, we would not think the accused could complain of the submission in the charge of any lower grades of the offense comprehended by an indictment charging rape; and, in so far as said opinion holds, if it does, contrary to the view just expressed, same will be overruled.

Quite a different situation arises in Charles v. State, supra, Bryant v. State, 46 Tex. Cr. R. 126, 79 S. W. 554, and others, making similar holdings where the testimony shows a completed case of rape, and a charge has been asked by the accused submitting some lower grade of the offense comprehended. Where there is no question but that the offense is a completed act of intercourse or nothing, the giving of a charge submitting a lower grade of such offense would be an injury to the state but favorable to the accused; hence the holding in the cases last referred to to the effect that the accused was not entitled to have a charge given submitting the lower grades of the offense in such cases. The difference in the principle involved appears so plain as not to call for analysis.

In the case before us the alleged injured party was a child of tender years, as appears from our original opinion. She was without experience in such matters. There could be no doubt arising from the testimony of prosecutrix and the other little girl of the fact that appellant made some kind of assault upon the child. There might be doubt as to whether there was a completed act of intercourse. The trial court in such case was justified in submitting to the jury the lower grades of assault comprehended by the indictment. The state alone might have cause for complaint at the giving of such charges. The appellant has none.

The motion for rehearing will be overruled.