## LUKE DEXTER TURNER V. STATE.

No. 24259. February 9, 1949.

*William B. Miller* and *Robert C. Benavides,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, *Joseph W. Geary, Jr.,* and *W. Hugh Lyerly,* Assistants District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of two years.

It was charged in the complaint and information that heretofore on or about the 13th day of March, 1948, Luke Dexter Turner, in Dallas County, Texas, in and upon Sandra Spaulding, did commit an aggravated assault; the said Luke Dexter Turner, then and there being an adult male, and the said Sandra Spaulding then and there being a female child.

Appellant brings forward seventeen complaints, some of which relate to the court's action in overruling his motion for a continuance, some relate to the admission of evidence, some to the court's charge, and others to the argument of the assistant district attorneys.

His first complaint relates to the court's action in overruling his motion for a continuance based on the absence of W. H. Bailey who resided at 1202 Royal Street in the city of Dallas, who at the time of the trial was alleged to be in the Veteran's Hospital at Lisbon, Texas, suffering with a broken back. The application is deficient in that it fails to state that there is no reasonable expectation of procuring the attendance of the witness at the present term of court, as required by Art. 543, Vernon's Ann. C. C. P. These are mandatory provisions of the statute and must be strictly complied with. Strickland v. State, 13 Tex. App. 364, Beatey v. State, 16 Tex. App. 421.

Moreover, the district attorney contested the application in which he asserted that he had made an investigation and found that the absent witness was not at the Veteran's Hospital at Lisbon, Texas, for treatment.

Appellant next complains of the court's action in overruling his motion to quash the complaint and information for various reasons stated therein. We have examined the complaint and information in the light of his motion to quash the same and have reached the conclusion that they charge the offense of aggravated assault in the language of the statute. See Milstead v. State, 19 Tex. App. 490; and Knight v. State, 48 Tex. Cr. R. 41 (85 S. W. 1067).

Appellant also complains because the court failed to respond to his objections to the charge. It must be remembered that the appellant was tried for a misdemeanor and, in such cases, if he was not satisfied with the court's charge or any part thereof, he was not only required to object but was also required to present to the court a correct charge and request that it be given. See Robbins v. State, 60 Tex. Cr. R. 523 (132 S. W. 770); Teem v. State, 79 Tex. Cr. R. 285 (183 S. W. 1144); Simpson v.

State, 87 Tex. Cr. R. 277 (220 S. W. 777) ; and Singleton v. State, 200 S. W. (2d) 1015, where a number of authorities on the subject are cited. This disposes of all of his objections and exceptions to the court's charge.

Appellant brings forward a number of bills of exceptions wherein he complains of certain remarks by the prosecuting attorneys. We do not deem it necessary to discuss each of the bills. The bills are qualified by the court and as qualified fail to reflect error. However, the court in each instance sustained appellant's objection and instructed the jury not to consider the same which is ordinarily sufficient to cure the error, if any. In the instant case, the court even went so far as to sustain appellant's objection to certain remarks of the prosecuting attorneys in their argument to the jury which, in our opinion, were reasonable deductions from the evidence.

Appellant also claims that venue was not proven. The trial court qualified the bill of exception relating thereto and in his qualification states that when the alleged assaulted party was asked where the transaction occurred for which he is being prosecuted, she replied Oak Cliff and upon being asked if it was in Dallas, Dallas County, she nodded her head. She further testified that she lived with her parents at 2511 Tilton Street; that her home was about five blocks from the Sunset Theater. This seems to us to be sufficient to show that the offense was committed in Dallas, Texas.

All other matters complained of have been considered by us and are deemed to be without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.