## L. D. BROOKS V. STATE.

No. 24322. March 30, 1949.

*Dick Young,* and *King C. Haynie,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with aggravated assault and given a penalty of six months in the county jail.

There were but three witnesses. The facts are short and correctly stated as they appear in the state's brief as follows:

"The prosecutrix, age nine, had been playing with a girl of six, and had on play clothes. They started upsairs to take a bath, and the younger girl went back down to get pajamas, and while on this errand, appellant came out of his room and placed his arm around the prosecutrix, kissed her and told her he liked her, then took her hand and rubbed it over the lower part of his body and his privates; and turned and ran back to his room.

"The six-year-old girl testified that she was coming upstairs with the pajamas and saw appellant kiss the prosecutrix and take her hand and place it on his pants in the region of his private parts and then run into his room.

"Appellant testified that the thing happened just as the prosecutrix had stated except that he did not take her hand and put it on any part of his body; that she kissed him back and told him she liked him, and that he went on downstairs and left the building."

We find no bills of exception in the record and are directed only to the sufficiency of the facts which are contended to be insufficient to show an assault by an adult male upon a child.

We are cited to the case of St. John v. State, 77 Tex. Cr. R. 290, 178 S. W. 360, as one similar in facts to the present case. In that case, certain association and friendship were shown between the accused and the child alleged to have been assaulted; that he lived close to her and that she was fond of him and he of her; that she often sat in his lap and that he kissed her; that he gave her and her sister free ingress into his picture show and would often sit by them in the show; that on the occasion in question, he was observed by an officer to place his hand on her and to lean toward her, and finally to place his hand on

her lap under her raincoat. All this was admitted by the accused save placing his hand under her coat, but it is also shown that he was very fond of this little neighborhood girl, and often, in the presence of her parents as well as others, he held her in his lap and kissed her, all of which was agreeable to her and her family. We have an entirely different set of facts present in the instant case, as we have herein set forth practically all the testimony in this record.

Relative to the immateriality of the consent of the child, we refer to the case of St. John v. State, supra, as holding such under the authority of Knight v. State, 48 Tex. Cr. R. 41, 85 S. W. 1067; Rogers v. State, 40 Tex. Cr. R. 355, 50 S. W. 338; Hill v. State, 37 Tex. Cr. R. 279, 38 S. W. 987; 39 S. W. 666, 66 Am. St. Rep. 803; Scroggins v. State, 51 S. W. 232.

The state undoubtedly showed conduct upon the part of the appellant that would be offensive to morals and decency by an adult male upon the person of a child, such conduct amounting to an injury to such child and tending to pervert and degrade her. The violence being unlawful, the intent to injure is presumed. See Art. 1139, P. C. Appellant under such statute had the privilege of showing an accident or an innocent intention, which it seems he failed to do, merely denying a portion of the little girl's testimony.

This cause was tried before the judge, who doubtless applied the law to the facts, and we see no reason to disturb his finding herein of guilt.

The judgment will therefore be affirmed.