### GEORGE F. CARVER v. THE STATE.

No. 1908.   Decided November 6, 1912.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Same—Evidence—Self-Serving Declarations.**

Upon trial of a violation of the local option law, there was no error in refusing to admit testimony that defendant had requested his witness to return the money which was left with defendant by the alleged purchaser to the latter; it appearing that this occurred after defendant was arrested.

**3.—Same—Evidence—Declarations of Third Party—Silence of Defendant.**

Upon trial of a violation of the local option law, there was no error in admitting in evidence the declarations of the son of the defendant, made in the presence of the defendant at the time the officer made search for whisky on defendant's premises, to the effect that if the officer would let defendant off this time, the son would see that he did not sell any more whisky, etc., to which defendant made no reply.

**4.—Same—Evidence—Self-Serving Statements.**

Where there had been no effort to contradict or impeach defendant's

statement that he kept the alleged liquor for his own use, there was no error in excluding the testimony of one of his witnesses that he told this witness that some one had gotten his liquor and ran off with it.

### 5.—Same—Charge of Court—Election by State.

Where, upon trial of a violation of the local option law, evidence of three sales on the same day by defendant was admitted without objection, and there was no request that the State elect on which sale it relied, a motion for new trial on this ground that the verdict did not specify for what sale the jury convicted him came too late to be considered.

### 6.—Same—Requested Charge—Felony—Misdemeanor Rule.

Where, upon trial of a violation of the local option law, there was evidence that defendant sold a bottle of whisky as well as two drinks during the same day, there was no error in refusing a requested charge to acquit the defendant if he did not accept money for the bottle of whisky; the rule in felony cases as to the charge of the court is different from that governing misdemeanor cases.

### 7.—Same—Indictment—Motion in Arrest of Judgment.

Where, upon trial of a violation of the local option law, the indictment followed approved precedent, the same was sufficient.

Appeal from the District Court of Hemphill. Tried below before the Hon. F. G. Greever.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

The indictment concluded "did then and there unlawfully sell to Ben Helton intoxicating liquor in violation of said law aforesaid, and which law aforesaid was then and there in full force and effect in said county, against the peace and dignity of the State."

The defendant contended that the indictment did not charge that the offense was committed against the peace and dignity of the State, but did charge that the law was in full force and effect against the peace and dignity of the State.

*Baker & Sanders,* for appellant.—On question of insufficiency of the indictment: Rowlett v. State, 23 Texas Crim. App., 191; Cox v. State, 8 id., 254.

On question of the court's refusal of defendant's requested charge to acquit defendant in the event the jury found that he did not accept money for the whisky: Williamson v. State, 40 S. W. Rep., 286; Howell v. State, 53 Texas Crim. Rep., 536, 110 S. W. Rep., 914; Harrison v. State, 105 S. W. Rep., 804; Tippit v. State, 53 Texas Crim. Rep., 180, 109 S. W. Rep., 190; Coleman v. State, 53 Texas Crim. Rep., 578, 112 S. W. Rep., 1072.

On question of admitting declarations of defendant's son: Hanna v. State, 79 S. W. Rep., 544; Felder v. State, 5 S. W. Rep., 145.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of mak-

ing a sale of intoxicating liquor in Hemphill County, prohibition being in force in said county.

It was admitted that prohibition was in force in Hemphill County, and the State's witness Ben Helton testified that he was in the town of Canadian on the 5th day of last December, and in the morning went into appellant's restaurant and purchased from appellant a drink of whisky and paid him for it; that later during the same day he purchased from appellant a bottle of whisky and paid him a dollar for it, and later in the evening he again went in the restaurant and purchased a drink of whisky paying him fifteen cents for it. Appellant admits that Helton was in his restaurant that day, but says he sold him no whisky, and he got no whisky but one time; that about noon Helton and R. B. Starring were in the restaurant eating chili, and that he gave them both a drink of whisky, and while his back was turned, Helton threw down on the counter two dollars, grabbed the whisky and ran, he telling him not to do so. That he picked up the money and put it on a shelf, and later gave it to Mr. Humphrey with the request to return the money to Helton. Starring corroborates appellant.

The appellant offered to prove by Humphrey that he did give him the $2 with the request to return it to Helton, and that he, Humphrey, tendered it to Helton, but Helton declined to receive it. As the record discloses that this all took place after defendant had been arrested, charged with making a sale to Helton, the court did not err in excluding the testimony of Humphrey. Had he given this money to Humphrey to be returned to Helton prior to being charged with this offense, it would be admissible, but acts of this character, what he said and did, after being charged with the offense, are never admissible in evidence.

The sheriff was permitted to testify that after being informed of this offense he went to appellant's place of business to search for whisky, and while talking to appellant about the matter, appellant's sixteen year old boy was standing there and said: "If you will let him off this time, I will see he does not sell any more whisky. Mamma and I both have tried to get him not to do that." Defendant admits he heard his son say this to the sheriff and the testimony shows he made no reply to the remark, and no denial of the statement that the boy and his mother had been trying to get him not to sell whisky. There was no error in admitting the evidence. (Browning v. State, 26 Texas Crim. App., 432; Moore v. State, 15 Texas Crim. App., 1; Conner v. State, 17 Texas Crim. App., 1; Bennett v. State, 48 S. W. Rep., 61.)

Defendant testified that the bottle of whisky in the house belonged to him and Frank Deal; that they had ordered it for their own use. He then offered to prove by Frank Deal that he (appellant) reported to Deal: "Frank, some son-of-a-gun came in here awhile ago and got our bottle of liquor and ran off with it." There had been no effort

to impeach defendant by proving contradictory statements or otherwise, and the court did not err in not permitting Deal to corroborate appellant's testimony. (Red v. State, 40 S. W. Rep., 408; Riojas v. State, 36 Texas Crim. Rep., 617.)

Evidence of three sales on the same day were admitted without objection. Defendant did not request the court to require the State to elect on which sale it would seek a conviction, but after the jury had returned its verdict, defendant moved for a new trial on the ground that the verdict did not specify for what sale they convicted him. The defendant can plead this judgment in bar of any other prosecution for sales on that day, and the court did not err in refusing to grant a new trial on that ground. If the defendant had objected to this testimony, doubtless the court would have sustained the objection to all evidence except one sale; not objecting, if after the testimony was admitted, defendant had requested the court to require the State to elect for which sale it would seek a conviction, doubtless the court would have sustained his motion. The request comes too late after verdict.

This is a misdemeanor, and there were no exceptions reserved to the charge of the court, but there was an exception reserved to the failure of the court to give a special charge requested. Under the evidence this charge was not the law of the case. The charge requested was based on the evidence of defendant and Mr. Starring, and requested the court to instruct the jury that if defendant did not accept the money for the bottle of whisky to acquit him. As there were two other sales testified to by the State's witness—a drink in the morning and a drink in the evening—which he says he paid fifteen cents each for, the court did not err in refusing the charge. (Sparks v. State, 23 Texas Crim. App., 447; Perkins v. The State, 65 Texas Crim. Rep., 311, 144 S. W. Rep., 241; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 353.) As said by this court in Hobbs v. State, 7 Texas Crim. App., 117, a different rule has always prevailed in regard to charges in felony and misdemeanor cases. This by virtue of the statutes of this State, and this court has no right to override those provisions of the law, and attorneys in the trial of cases should keep the different provisions well in mind.

The indictment is drawn in form frequently approved by this court, and there was no error in overruling the motion in arrest of judgment. Branch's Crim. Law, section 544.

The evidence amply supports the verdict and the judgment is affirmed.

*Affirmed.*