## J. T. Walker v. The State.

### No. 5049.  Decided May 29, 1918.

#### 1.—Local Option—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no reversible error.

#### 2.—Same—Continuance—Want of Diligence.

Where neither the application for continuance nor the motion for new trial showed proper diligence, accounting for the absence of the alleged witnesses, there was no error in overruling the same.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for making a sale of intoxicating liquor in Nacogdoches County, where prohibition was in force, and the law made it a misdemeanor only, and the lowest punishment assessed.

The evidence by the State was amply sufficient to sustain the verdict because evidently the jury believed that testimony and disbelieved appellant's to the contrary.

The complaint and information were filed against appellant on December 15, 1917. He was doubtless arrested at once. Nothing is shown to the contrary. When the case was called for trial January 24th following, appellant made a motion for a continuance on account of the absence of Bud Paine and Mary Sanders. The motion shows that But Paine had been subpoenaed on January 19th and attended court a couple of days. That just the day before the case was called for trial, as we understand the bill and the judge's qualification, the appellant excused the further attendance of that witness. Both these claimed witnesses were residents of the town of Nacogdoches, where the court was held and the cause tried. No process was issued to that county or served on the witness Mary Sanders. It is alleged that she had gone to San Antonio temporarily on January 18th. No process was even issued for her at San Antonio until January 22nd, and that process was not returned. The diligence to secure her attendance was, therefore, wholly insufficient. It may be conceded that if these witnesses would have testified what appellant alleges they would that their testimony would have been material for him. However, his amended motion for new trial was not filed nor acted upon until more than two weeks after he was tried and convicted. The affidavit of neither of these witnesses is filed in connection with the motion for new trial or otherwise and no reason or excuse is given why this was not done. The court did not err in overruling his motion for a continuance nor in refusing him a new trial because thereof.

The judgment is affirmed.

*Affirmed.*