JIM GATLIN v. THE STATE.

No. 5495.   Decided December 3, 1919.

Rehearing denied January 28, 1920.

1.—Murder—Assault to Murder—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of murder and a conviction of assault to murder, the evidence raised the issue of assault to murder and the trial court submitted murder; manslaughter, assault to murder, aggravated assault, and self-defense, and there was no exception to the charge of the court on assault to murder, and the jury had been instructed that they must first find defendant not guilty of any grade of homicide before considering whether he was guilty of an assault to murder, there was no reversible error. Following: Borrer v. State, 83 Texas Crim. Rep., 198; 204 S. W. Rep., 1003.

2.—Same—Requested Charge of Court.

Where, upon trial of murder and a conviction of assault to murder, the evidence raised the issue of said latter offense, there was no reversible error to refuse a requested charge not to submit murder and assault to murder.

3.—Same—Evidence—Res Gestae—Declaration of Third Party.

Where, upon trial of murder and a conviction of assault to murder, the State's counsel asked one of defendant's witnesses if he heard defendant's

son, just after the difficulty in which deceased was cut, say to his father that he ought not to have cut him, to which the witness replied that he did not remember, whereupon he was asked whether he did not so testify before the grand jury and was shown the book purporting to contain the grand jury evidence to refresh his memory, but which was not offered in evidence, the witness continued to answer that he did not remember, there was no reversible error; besides, this matter was *res gestae* and admissible. Following: Rice v. State, 49 Texas Crim. Rep., 576, and other cases.

#### 4.—Same—Charge of Court—Manslaughter—Entire Charge Must Be Considered.

Where, upon trial of murder and a conviction of assault to murder, the defendant complained that the court's charge on manslaughter was too restrictive, in that it required that the provocation must arise at the time of the homicide, but the record showed that when said charge is considered as a whole, and not judged by isolated paragraphs, the same is sufficient, there is no reversible error.

#### 5.—Same—More than One Assailant—Charge of Court.

Where, upon trial of murder and a conviction of assault to murder, there was no evidence that the mother of the deceased made an attack upon defendant at the time of the homicide, or a combined attack by deceased and his mother, there was no error in refusing a charge on such state of facts.

#### 6.—Same—Dying Declarations—Predicate.

Where, upon trial of murder and a conviction of assault to murder, objection was made to the dying declarations of deceased, but the record on appeal showed that a proper predicate was laid for the introduction of such dying declarations, there was no reversible error. Distinguishing: Walker v. State, 206 S. W. Rep., 96.

#### 7.—Same—Assault to Murder—Sufficiency of the Evidence—Malice.

Where, upon trial of murder and a conviction of assault to murder, there was evidence sufficient to show a deadly attack by defendant upon deceased, preceded by a serious threat on the part of the defendant, all of the elements of an unjustifiable homicide existed, as malice may be conceived and executed in the shortest possible time, and a conviction for assault to murder is sustained.

#### 8.—Same—Declaration of Third Party—Res Gestae.

Upon trial of murder and conviction of assault to murder, the statement attributed to the son of defendant and which he denied. upon which the State attempted to lay a predicate by his testimony before the grand jury, was one which was made directly by said son to the defendant immediately after the occurrence and was therefore *res getsae*, and one which called for a reply from defendant, and none being made was a fact to be considered by the jury.

#### 9.—Same—Requested Charge—Manslaughter—Assault to Murder—Rule Stated.

Murder, under the code, includes every degree of homicide and of assault, and where the evidence raised the issue of murder, manslaughter, assault to murder, aggravated assault, and self-defense, all of which the court submitted to the jury, who found the defendant guilty of assault to murder, there was no reversible error, and defendant's contention that the facts only raised the issue of manslaughter necessarily implies death as the result of the act of the accused, and the court did therefore not err in refusing defendant's requested charge that the jury could not find defendant guilty of murder or assault to murder.

**10.—Same—Dying Declaration—Rule Stated.**

The contention of defendant that dying declarations are only admitted in evidence in homicide cases, and that he having been acquitted of homicide, the admission of the dying declaration of deceased should be held reversible error is untenable; besides, there is no issue that these declarations are not upheld by the other testimony of the case.

Appeal from the District Court of Collin. Tried below before the Hon. F. E. Wilcox, judge.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wallace Hughston* and *Smith & Abernathy,* for appellant.

On question of insufficiency of the evidence: Foster v. State, 46

On question of declaration of son of defendant: Renn v. State, 64 Texas Crim. Rep., 639, 143 S. W. Rep., 167; McDougal v. State, S. W. Rep., 231:

81 Texas Crim. Rep., 179, ·194 S. W. Rep., 944; Watson v. State, 50 Texas Crim. Rep., 171; Woodward v. State, 50 id., 294: Hobbs v. State, 53 id., 71.

On question of court's charge on manslaughter: Swain v. State, 86 S. W. Rep., 335; Garcia v. State, 70 Texas Crim. Rep., 485, 156 S. W. Rep., 939; House v. State, 75 Texas Crim. Rep., 338, 171 S. W. Rep., 206; Ware v. State, 68 Texas Crim. Rep., 378, 152 S. W.

On question of dying declarations; People v. Schiavi, 89 N. Y. S., 564; Walker v. State, 206 S. W. Rep., 96.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was indicted in the District Court of Collin County, for the murder of C. D. Rosseter. Upon his trial, he was convicted of an assault with intent to murder, and his punishment fixed at confinement in the penitentiary for a term of five years.

That one can be convicted of assault to murder, under an indictment charging murder, is not an open question. The trial court submitted murder, manslaughter, assault to murder, aggravated assault, and self-defense.

The first contention of appellant is that the evidence does not support the verdict of guilty of assault to murder. We note, in passing, that there was no exception to that part of the charge of the court on assault to murer, which is as follows:

"If under instruction No. 14 hereinbefore given you, you find that the defendant is not guilty of murder and not guilty of manslaughter, but you further find and believe from the evidence beyond a reasonable doubt, that the defendant Jim Gatlin, on or about the time charged in the indictment, in the County of

Collin and State of Texas, with malice aforethought, did assault the deceased and inflict serious bodily injury upon him, with intent then and there to kill and murder said C. D. Rosseter, and if you are further satisfied by the evidence, beyond a reasonable doubt, that the said assault was not made under the immediate influence of sudden passion, produced by an adequate cause, as the term adequate· cause is hereinbefore explained to you, and not in defense of himself against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an "assault with intent to murder,' and so say by your verdict, and assess his punishment at confinement in the penitentiary for a term of not less than two or more than fifteen years, as you may determine and state in your verdict.''

Paragraph 14, referred to in the above quotation from the' court's charge, is as follows:

"On the other hand, if you should find and believe from the evidence that the defendant cut the deceased with a knife and inflicted upon him a wound which was not in itself necessarily mortal and you further find and believe from the evidence that the deceased died from an infectious or septic condition or other disease by improper treatment of his attending physicians or any of them, or if you have a reasonable doubt as to whether the infectious or septic condition or other disease was caused by the wound inflicted by the defendant or by the treatment of the wound by the attending physicians or some of them, then the defendant would not be guilty of any degree of culpable homicide, and you should acquit him of both murder and manslaughter.''

It is evident that under the quoted portions of the charge, the jury had to first find appellant not guilty of any grade of homicide before considering whether he was guilty of an assault to murder, and our presumption is that they must have followed said instruction.

There is, as stated above, no exception in the record to the court's submitting the question of assault to murder, and we are unable to say that there is no evidence to support said finding. It is clear from the record that deceased was cut by the appellant with a knife, from which wound he subsequently died.

The State's witnesses testified that appellant addressed a remark to the mother of deceased, immediately preceding the killing, said remark being in a harsh and angry tone. That deceased remonstrated with appellant, who then said substantially: "You have come here for trouble, and I will cut you in two;" and that both men struck—appellant with a knife, and deceased with his fist. There are, unquestionably, conflicts in the testimony, but mere conflicting evidence does not warrant us in overturning the verdict of a jury which is based on that portion of the testimony

believed by them to be the most worthy of credit. The case of Borrer v. State, 83 Texas Crim. Rep., 198, 204 S. W. Rep., 1003, seems to hold contrary to appellant's contention.

We do not find any error in the matter raised by the second assignment of error. From the standpoint of the State, it was an assault by appellant upon deceased with a knife, having a blade two-and-a-half inches long, and which, according to the testimony of appellant himself, reproduced from a former trial, was of sufficient size to kill a man. The blow consisted of a stab in the breast of deceased, and was preceded, according to the State's contention, by an unprovoked threat, to-wit: ''You have come here for trouble, and I will cut you in two.''

Under this state of the record, the trial court would certainly not have been justified, of his own motion, in eliminating murder, or assault to murder, as was required by the requested charge, the refusal of which was the basis of this complaint.

The fatal difficulty occurred in the road, a short distance from the door of appellant's store. Witness Edens testified that when the exchange of blows took place between appellant and deceased, the son of appellant came out and led his father into the store. The State asked appellant's witness England, if he heard appellant's son, Charlie Gatlin, say to his father as he came into the store: ''You ought not to have cut him,'' to which question the witness answered, ''I don't remember that.'' The son of appellant referred to, had testified as a witness in behalf of appellant, that he was present and saw the whole difficulty. After the reply of the witness England, above referred to, and to a number of preliminary inquiries, this witness was asked substantially, if he was not before the grand jury a short time after the homicide, and if he did not there testify that he saw Charles Gatlin come back into the store with his father, and that he made to his father the statement inquired about, and that appellant made no reply thereto. This was objected to as collateral, prejudicial, and not such matter as could be used for impeachment. The objection was overruled. The witness again answered that he did not remember. The State's counsel was then permitted to produce a book, purporting to contain grand jury evidence, which was handed to the witness, and he was requested to look at certain indicated evidence, and to read the same to himself, which he did; and the State's attorney then asked him if he now remembered the matter inquired about, to which witness answered that he did not; and which was his answer substantially to a number of subsequent questions. The grand jury book was not offered in evidence any further.

We see no error in the action of the trial court, nor do we think any error ould have been committed if the witness had testified that he did hear said statement made by Charles Gatlin to his father as they came into the store or if the state had offered the

impeaching testimony. This does not come within the rule against remarks of a bystander, but would be admissible both as *res gestae* and as a criminative statement made to appellant, to which he made no reply or denial.—Kelly v. State, 37 Tex. Crim. Rep., 641; Clement v. State, 22 Tex. Crim. App., 23; McMahon v. State, 46 Tex. Crim. Rep., 540; Stanley v. State, 48 Tex. Crim. Rep., 537; Rice v. State, 49 Tex. Crim. Rep., 576; Carver v. State, 68 Texas Crim. Rep., 100, 150 S. W. Rep., 914.

Appellant further complains that the court's charge on manslaughter is too restrictive, in that it requires that the provocation must arise at the time of the homicide. There is nothing in this contention. A charge cannot be judged by isolated paragraphs. In applying the law to the facts, we find the following in the charge:

"In this connection you are instructed that an assault and battery causing pain or bloodshed is deemed in law adequate cause to produce passion.

Therefore you are instructed that if you believe from the evidence that on the occasion in question the deceased struck the defendant with his hand or fist, and that said blow, if any, caused the defendant pain or bloodshed, and you further believe that said assault alone or in connection with the conduct and words, if any, of the deceased and his mother, Mrs. Rosseter, or either of them, at the time were not sufficient when coupled with all the other antecedent circumstances and circumstances at the time, to create in the mind of the defendant, viewing the same as it reasonably appeared to him from his standpoint at the time, that he was in danger of death or serious bodily injury at the hands of the said deceased, but if you further find and believe from the evidence that said assault alone or in connection with the conduct and words, if any, of said deceased, and said Mrs. Rosseter or either of them at the time, coupled with all the antecedent facts and circumstances and facts and circumstances at the time, aroused in the mind of the defendant a sudden passion either of anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection, and acting under the influence of such passion, if any, and not in his own justifiabe self-defense, as self-defense is hereinafter defined in this charge, he, the defendant, with the intent to kill, cut the deceased C. D. Rosseter with a knife and thereby killed said deceased, then his offense would not be of a higher grade than manslaughter."

This instructs the jury to take into consideration all the antecedent facts as well as those which arose at the time of the difficulty, in determining the sufficiency of the provocation. What we have just said applies also to the complaint that the trial court did not sufficiently tell the jury that an assault and battery constitutes adequate cause.

No one claimed that the mother of deceased made an attack upon appellant at the time of the homicide, nor is there any evidence in the record supporting any theory of a combined attack upon him by the deceased and his mother, such as necessitated a charge on the theory of defense against such an attack, or a manslaughter condition of the mind, resulting from such combined attack.

Objection was made to the dying declaration of deceased, but we find nothing in the record supporting same. The declaration was in conformity with similar statements which have been held admissible by this court. We find no smilarity between said statements and the facts surrounding the same, and the one complained of in Walker v. State, 83 Texas Crim. Rep., 484, 206 S. W. Rep., 96, which is the only case cited in support of this contention by appellant, except that in each case the declarant lived some time after making the statement. That deceased believed death to be near, and that he had no hope of recovery, and that the statement was voluntary, all appear from the statement itself in the instant case, nor was there any testimony that belief of recovery was ever entertained by deceased, as was true in the Walker case.

We have carefully examined all the contentions of appellant, and the authorities cited in support thereof, but have concluded that there is no error shown, and the judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

## January, 28, 1919.

LATTIMORE, JUDGE.—It is earnestly insisted in appellant's motion for a rehearing, that we should have held that the evidence did not properly support the verdict of an assault with intent to murder. The able brief of appellant sets out substantially all the evidence for both sides of the case. Ordinarily, in determining the sufficiency of the evidence, inquiry will be made by us only as to the sufficiency of the proof made by the State, and if therefrom it appears that the verdict is supported, we will uphold the judgment, upon the well settled rule that conflicts in the evidence are for the jury, and that their settlement of merely conflicting issues, should not be disturbed by us.

In this case it is shown by the testimony for the State that deceased was cut by a knife in the hands of appellant; that a difference over some turkeys had existed for some little while between appellant and Mrs. Rosseter, the mother of deceased. On the day of the killing, deceased and his mother drove up to a point in the road near the store of appellant, and called him out. A conversa-

tion occurred between the three, which terminated in a statement by appellant to Mrs. Rosseter, in a harsh and angry tone, as stated by the witness Edens, who is corroborated by the witness Barrow in saying that appellant talked, to him, like a madman. Thereupon, deceased said to appellant, "That is my mother you are talking to that way;" and appellant turned to deceased and said, "You come here hunting trouble, and I will just cut you in two," and jerked out his knife; and the two men struck at almost the same time—deceased with his hand, and appellant with a knife. Only one blow was struck by each. Deceased was cut in the breast, and died some thirty days later.

Nothing appears in the record from the State's evidence which would justify us in holding that there was any adequate cause to produce some uncontrollable emotion in the mind of appellant, nor is such mental condition on the part of the appellant testified to by any witness. Appellant did not testify in his own behalf. On the contrary, there is evidence sufficient to show a deadly attack by appellant, preceded by a serious threat on his part, and, under our Code, malice may be conceived and executed in the shortest possible time. So that we would hold it sufficiently shown by the State that all the elements of an unjustifiable homicide existed in the case. We are cited to no authorities by the appellant, holding by analogy to the contrary.

Appellant insists that we should have sustained his third assignment of error, as contained in his brief. An examination of the same shows a mere reference in the brief to the third ground of his motion for a new trial, as constituting his third assignment of error, and by reference to the record, said third ground of the motion for a new trial covers two pages of the transcript. The matter therein contained has reference to the action of the court in permitting the State's attorney to ask appellant's witness England, if he did not hear the son of appellant say to him immediately after the fatal difficulty, "You ought not to have cut him," and in permitting the State to attempt to refresh the recollection of this witness, when he answered that he did not remember, by showing to him a book containing grand jury evidence, and requesting him to read certain marked portions thereof. As stated by us in the original opinion, after this book was shown to the witness, he further stated that he did not remember having made the statement inquired about, and there the inquiry ended. Neither the book nor its contents were introduced in evidence. We held that the facts shown by this bill of exceptions did not constitute error. In our citation of authorities in support of this part of the opinion, appears the citation of Kelley v. State, 37 Tex. Crim. Rep., 64, which was an erroneous citation, as no such case appears in said volume at said page. The statement attributed to the son of appellant, which is under discussion, was one which was made directly to appellant immediately after the occurrence, and while

the son was escorting his father away from the scene of the diffi-
culty, and in our opnion the same was a *res gestae* statement, and
one which called for a reply or explanation from appellant, and
none being made, his silence would have been a fact to be considered
by the jury for what it was worth, hence the attempted predicate
was not as to an immaterial matter.

It is further contended that the trial court should have given
special charge No. 1, to the effect that the jury should find the
appellant not guilty of murder, or assault to murder, but should
simply consider whether or not appellant was guilty of manslaughter
or aggravated assault, or not guilty. It is manifest from the
record that the trial court did not err in refusing this special
charge. Appellant's chief argument in support of this contention
seems to be that unless it appear from the evidence that deceased
came to his death as the result of negligence of the nurses or
physicians attending him—or, in other words—unless it appear
that death resulted, not from the act of appellant, but from some
other intervening cause, the verdict could not legally be assault to
murder. As we understand it, the very charge No. 1, the refusal
of which is here complained of, by its language answers the argu-
ment. Manslaughter, which this charge seeks to have considered
by the jury, necessarily implies death as the result of the act of the
accused, the only difference between murder and manslaughter being
the well-understood difference in the mental attitude of the accused
at the time of the homicide. Murder, under our code, includes
every degree of homicide and of assault, and in this case the
trial court submitted murder, manslaughter, assault to murder,
aggravated assault, and self-defense; the decision as to the degree
of offense one shall be found guilty of, if at all, is for the jury,
and if they err in giving a verdict in favor of a less degree, we
know of no authority which gives to appellant any right or ground
of complaint.—Campbell v. State, 65 Texas Crim. Rep., 418, 144 S.
W. Rep., 966. No authorities in support hereof are cited by appel-
lant.

Nor do we agree with the learned counsel, who urge that dying
declarations are only admissible in homicide cases, and that this
appellant, having been acquitted of homicide by this verdict, the
admission of the dying declaration of deceased should be held re-
versible error. Appellant was on trial for murder, and in such
case the introduction of no evidence admissible on such trial would
cause a reversal because of a conviction for a lower degree of such
offense. In addition to what we have just said, we find nothing in
the dying declaration which appears in the record, raising any
issue not fully upheld by the other testimony in the case.

Believing the original opinion a correct expression of the law of
this case, the motion is overruled.

*Overruled.*