## Martin De La O v. The State.

### No. 7625. Decided April 11, 1923.

#### 1.—Delinquent Child—Age of Defendant—Juvenile.

While there was some confusion as to defendant's age, yet in view of the fact that he was adjudged guilty as a juvenile, the court forbears discussion of the matter.

#### 2.—Same—Rape—Assault to Rape—Aggravated Assault.

Where defendant was charged in one count with rape and in the other with assault to rape, and it was further alleged that he was under the age of seventeen years at the time and was convicted of aggravated assault, there was no error, and the jury having reached said conclusion were justified in finding him guilty as a juvenile.

3.—Same—Election by State—Juvenile—Practice in Trial Court.

The trial court did not err in declining to require the State to elect upon which count in the information it would ask a conviction, as the State was merely seeking to ascertain the guilt of appellant and in order to determine whether he should be confined as a juvenile, and where the jury found defendant guilty of being a delinquent child under the second count, there is no reversible error.

4.—Same—Indeterminate Punishment—Age of Juvenile.

Inasmuch as the verdict of the jury did not inflict upon appellant a punishment for a greater period of years than five, there was no error in refusing a requested charge, or in the court's main charge to assess the punishment at confinement in the State Industrial School for an indeterminate period not to extend beyond the time when he arrived at the age of twenty-one years.

5.—Same—Charge of Court—Aggravated Assault—Deliquent Child.

Where the court instructed the jury upon aggravated assault, and further told them when the acts constituting an aggravated assault and battery are committed by a male person under seventeen years of age, then such male person would be a delinquent child, there is no error.

6.—Same—Sufficiency of the Evidence.

Where defendant was charged as a juvenile with rape and assault with intent to rape, and was convicted of aggravated assault and confined in the State Industrial School as a juvenile, there is no reversible error.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a conviction of aggravated assault for an indeterminate sentence in the State Industrial School for Boys until the time he arrived at the age of twenty-one years.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of being a delinquent child and by the verdict of the jury sent to the State Industrial School for Boys until the time he arrives at the age of twenty-one years.

There was some little dispute over the question as to whether appellant was sixteen or seventeen years of age at the time of the commission of this offense, but in view of the fact that he was adjudged guilty as a juvenile, we forbear discussion of the matter.

A complaint was filed against appellant charging in one count rape and in the other an assault to rape, and it was further alleged that he was under the age of seventeen years at the time. Under the provisions of our Code of Criminal Procedure the offense of rape includes the lesser offense of aggravated assault. The latter offense

was submitted to the jury in the court's charge and it appears from their verdict that they concluded that appellant was guilty of an aggravated assault. There was no error in submitting to the jury the law of said offense of which he was found guilty. Article 1197 of our Code of Criminal Procedure by its terms states that one is a delinquent child who is found guilty of violating any of the penal laws of this State. By the verdict of the jury in this case appellant was found guilty of violating our law against aggravated assault, and the jury having reached said conclusion, were justified in finding him guilty as a juvenile.

The facts are unsavory. Appellant was a Mexican boy about sixteen or seventeen years of age and claimed by his relatives to have been injured at some time in the past so as to affect his mentality. On the day of the occurrence a little Mexican girl four or five years old was unquestionably assaulted. She was crying and her private parts were bleeding. Appellant made a confession in which he admitted his criminal connection with said child.

We do not think the trial court erred in declining to require the State to elect upon which count in the information it would ask a conviction. The State was merely seeking to ascertain the guilt of appellant in order to determine whether he should be confined as a juvenile, and having charged in its information different phases of the offense in order to meet the evidence as it might be developed upon the trial, and a finding of guilt under either count in the information leading but to confinement of the accused in the Industrial School as a juvenile, we do not think it error for the trial court to decline to require the State to elect. The appellant requested the court to instruct the jury that they could not find him guilty of being a delinquent child as charged in both counts of the information. This was refused, but the verdict of the jury found appellant guilty of being a delinquent child under the second count, and we see no injury resulting from the matter.

Complaint is also made by a bill of exceptions of the trial court instructing the jury that if they found appellant guilty under either count of the information they would assess his punishment at confinement in the State Industrial School for an indeterminate period not to extend beyond the time when he arrives at the age of twenty-one years. Appellant insists this authorized the jury to inflict a punishment not provided by law. As stated by us above, the testimony was in some confusion as to whether appellant was sixteen or whether he had reached the age of seventen. In his own confession he stated he was seventeen years of age, but from other testimony it is made to appear that he was sixteen. Inasmuch as the verdict of the jury in either case did not inflict upon appellant a punishment for a greater period of years than five, we would not deem the complaint of the charge in question to be of any materiality.

Appellant also seems to have objected to the court's charge in that after informing the jury of the elements of an aggravated assault, the court further told them that when the acts constituting an aggravated assault and battery are committed by a male person under seventeen years of age, then such male person would be a delinquent child. We perceive no error in the charge in question.

The evidence amply supports one of two theories: that of an assault upon a little child by appellant in an effort to gratify sexual appetite, or that of an assault upon her with some instrument. The child said that appellant stuck a stick in her. It was not shown that she understood, nor did she attempt to describe the stick or give the details further than that she was crying and bloody and said that some other boy held her and he stuck a stick in her. In his confession, as above stated, appellant admitted that he assaulted her and had intercourse with her. It would be immaterial of which phase of the offense the jury found him guilty, for either would be a violation of the law, and a conviction as a juvenile under either would result in his incarceration in the State Industrial School for Boys.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*