JOE JABALIE V. THE STATE.

No. 17385. Delivered March 20, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*W. H. Fryer* and *Coyne Milstead,* both of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of two hundred dollars and confinement in jail for six months.

The complaint and information charged an assault by an adult male upon a female. Flora Castillo, the injured party, who was seventeen years of age, testified that appellant came to her room in a hotel and assaulted her. We quote from her testimony, as follows: "Yes, after I went to bed I went to sleep. After that the next I remember was when Joe was in the room, I mean Joe Jabalie (appellant). I suppose that is the name. The same man I talked to about a job in Hollywood. I was asleep and the first thing I knew he was there in the bed. I asked him for Geraldine and I asked him what he was doing in there. He just laughed. When I woke up I was surprised to find him there and he got hold of both my hands, my arms, my left arm was to the back, my left arm was behind me. He got hold of both my arms with one hand and he held both my arms. He assaulted me. Yes, I mean by that he had intercourse with me. He did. From the time that he first came there he remained there about five or ten minutes, then he just went outside. I cursed him out and all that and then he said that he was a big shot and then he said if I said anything he would kill me. * * * I did at that time attempt to make an outcry but he wouldn't let me. I was afraid of him and surprised at the same time. He held his hand over my mouth."

The proof showed that appellant was twenty-eight years of age.

Appellant denied making the assault and testified that he was not at the scene of the alleged offense. Several witnesses gave testimony corroborating him.

No bills of exception are brought forward.

Appellant contends that the county court was without jurisdiction, in view of the fact that the proof on the part of the State showed the commission of the offense of rape. In Carter v. State, 51 S. W. (2d) 316, the testimony of the injured female

was to the effect that Carter had sexual intercourse with her, she being at the time eleven years of age. The testimony on the part of Carter was to the effect that he made no assault whatever upon her. In sustaining a conviction for aggravated assault, this court used language as follows:

"It has been held under the provisions of our Code of Criminal Procedure that the offense of rape includes the lesser offense of aggravated assault. See Martin De La O v. State, 94 Texas Crim. Rep., 204, 250 S. W., 182; Shroeder v. State, 92 Texas Crim. Rep., 7, 241 S. W., 169.

"Appellant seeks a reversal of this case on the ground that there is no evidence to support the verdict of the jury, because the issue of aggravated assault is not raised by the evidence, because all the evidence adduced by the State showed that, if the appellant was guilty of anything, that he was guilty of the offense of rape. Article 694, C. C. P., provides: 'In a prosecution for an offense including lower offenses, the jury may find the defendant not guilty of the higher offense, but guilty of any lower offense included.' Subdivision 9 of article 753, C. C. P., provides: 'A verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of an offense of inferior grade to, but of the same nature as, the offense proved.'

"The appellant concedes that there is a line of decisions in this state holding that a conviction of manslaughter would be sustained though the evidence establishes the offense of murder, and also that convictions of aggravated assault have been sustained in this state in cases where the defendant was charged with and tried for some offense of a higher degree. Should it be conceded that the evidence was sufficient, if believed, to sustain a conviction of the appellant for the offense of rape? We are unable to perceive how the appellant can maintain the position that the trial court committed reversible error in giving to the jury a charge more favorable to the accused than was warranted by the facts.

"In the cases of Gatlin v. State, 86 Texas Crim. Rep., 339, 217 S. W., 698, and Campbell v. State, 65 Texas Crim. Rep., 418, 144 S. W., 966, this court held that one convicted of an inferior grade of homicide could not complain upon the proposition that the facts in evidence showed him to have committed a graver offense. We see no reason to apply to a conviction of aggravated assault in the case where the appellant was charged with the offense of rape a different rule from that applicable in a

case of homicide. See, also, High v. State, 54 Texas Crim. Rep., 333, 112 S. W., 939."

Giving application to the rule above announced, we are constrained to hold that appellant's contention cannot be sustained.

The verdict returned by the jury read as follows: "We, the jury, find the defendant guilty and assess his punishment at six months and $200.00 fine."

Appellant contends that the verdict is fundamentally defective for its failure to assess a penalty of imprisonment or confiement in the county jail. In Branch's Annotated Penal Code, sec. 640, the rule is stated as follows: "Verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained the verdict should be held good as to form. The object should be to ascertain the intention of the jury."

See, also, Williams v. State, 237 S. W., 920, and Argon v. State, 58 S. W. (2d) 108. We think the intention of the jury to assess the punishment at imprisonment in the county jail for six months, and a fine of two hundred dollars, can be reasonably ascertained from the verdict.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his complaint that the verdict set out in our original opinion was too indefinite upon which to base a judgment condemning appellant to confinement in the county jail. The reasoning in Moreland v. State, 77 S. W. (2d) 690, seems applicable here. There the verdict assessed the "punishment at (10) ten years." The holding was that it sufficiently appeared to have been the intention of the jury to direct his confinement in the state penitentiary. The county jail was the only place of confinement authorized by the statute in the present case.

The motion for rehearing is overruled.

*Overruled.*