Charles William **ALEXANDER, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39424.

Court of Criminal Appeals of Texas.

May 4, 1966.

Wm. V. Brown, Jr., Texarkana, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The record having been perfected, the opinion dismissing the appeal is withdrawn and the appeal is reinstated.

The offense is fondling; the punishment, one year in jail.

Trial was in the Eighth Judicial District Court of Delta County upon a change of venue from Hopkins County.

The conviction was under the second count of the indictment, which charged that on or about the 27th day of February, 1965, the appellant did unlawfully and with lascivious intent knowingly and intentionally place a part of his hand upon the breast of the female named therein who was then and there under the age of fourteen (14) years.

It was shown by the state's testimony that the injured party, eleven years of age on the date the offense was alleged to have been committed, lived with her parents in the city of Dallas. On a Saturday in February, 1965, she accompanied her parents to their farm near Posey, in Hopkins County, to spend the weekend. Later in the day appellant and his wife and baby came to the farm. Appellant's wife was a sister of the injured party.

The injured party testified that late in the afternoon, at appellant's suggestion, she accompanied him to a pool on the farm to check some fishing lines. She stated that they went in appellant's automobile and that after appellant had checked the lines they got back in the automobile and appellant kissed her. At the time, she could feel appellant's tongue and he said, "This is the way to kiss." She testified that appellant then ran his hand up under her blouse and put his hand on her breast and then put his hand on her private part. She stated that after she and appellant returned to the trailer house on the farm, where the families were spending the night, she reported the incident to her mother and sister.

Mrs. Oma Faye Glosup, mother of the injured party, testified that after appellant and her daughter returned from the pond to the trailer house the daughter said, " 'I know something that, [sic] about Charlie, and something about kissing' "; that she (the witness) "didn't understand it all and it flew all over me at the time * * *"; that she did not tell her husband until Sunday night because "If I had told him then he [appellant] would have been a dead man." Mrs. Glosup further testified that on the date of the trial the injured party, then twelve years of age, had matured slightly as a woman but on the date of the offense she had not.

It was further shown that on June 17, 1965, appellant made and signed a written confession to District Attorney Cameron McKinney which, excepting certain portions, was introduced in evidence as state's exhibit #1.

Prior to admitting the exhibit in evidence a hearing was held by the court, in the absence of the jury, relative to the execution and voluntary nature of the confession. At such hearing District Attorney McKinney testified that appellant was duly warned prior to making and signing the confession; that when asked if he wanted an attorney present appellant stated he did not; and that before signing the statement appellant was given the opportunity to, and did, read it.

Appellant testified that he was not given the statutory warning; that the district attorney threatened to make it "rough and tough" on him if he did not sign the statement, threatened to "give me fifteen years" . and he (the district attorney) stated that he was the "meanest, roughest district attorney in Texas."

Appellant further repudiated the incriminating portions of the confession and swore that he was not told he could have an attorney until after he had signed the statement.

District Attorney McKinney denied that he made the threats testified to by appellant and specifically denied making the statement that he was the meanest and toughest prosecuting attorney in the state.

At the conclusion of the hearing, the trial court made an independent finding, duly entered of record as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908, and Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, that the confession was freely and voluntarily made by appellant after having been duly warned. The court further found that before making the statement appellant "made a knowledgeable and intelligent waiver of his right to legal counsel * * *."

In the confession appellant related, in part, as follows:

"On Saturday, February 27, 1965, about sundown or dusky dark, I would guess the time was about 6:00 p. m., I kissed Faye Glosup on her cheek near her mouth and I touched her breasts with my right hand. I did this last through her blouse. * * * At the time I did this with her breasts, we were fishing at a lake in or near the Posey community and this is in Hopkins County, Texas * * * I have never played with Faye's private part but one time; this occurred at my last residence address on Millitary Parkway in Dallas, Texas__ and this occurred on a Sunday about three or four weeks before this out here occurred * * *.

" * * * *

"I know about my rights to get in touch with a lawyer and talk with him about all my rights. I do not want to do this and waived this right at this time * * *."

■ Under the record, the court did not err in admitting the confession in evidence. That portion of the confession which referred to appellant's prior act of fondling the injured party was admissible as evidencing the probability of the act charged and the unnaturalness of appellant's attitude toward the victim of his lust. Lozano v. State, 159 Tex.Cr.R. 613, 266 S.W.2d 147; Smith v. State, 170 Tex.Cr.R. 518, 342 S.W.2d 445.

Appellant did not testify before the jury or call any witnesses in his behalf.

We first overrule appellant's contention that the sentence pronounced by the court is void for indefiniteness because the place of confinement is not stated therein and because the jury's verdict assessed his punishment at confinement "in the County Jail for One Year from this date Nov. 30, 1965," and the judgment and sentence ordered that he be punished by confinement in the county jail for a "term of not less than 1 year nor more than 1 year."

■ The verdict, judgment, and sentence fixed the county jail as the place of appellant's confinement. This was sufficiently definite, without designating the particular jail. In Jabalie v. State, 128 Tex.Cr.R. 412, 81 S.W.2d 509, a jury verdict which— unlike the one in the present case—failed to designate the place of confinement was held sufficiently definite when the only place of confinement authorized by the statute was the county jail.

■ The question of credit, if any, for the time appellant has spent in jail pending appeal is within the discretion of the trial judge. Art. 42.03, Vernon's Ann.C.C.P.

■ We also overrule appellant's contention that the evidence is insufficient to support the conviction because the proof shows that the injured female did not have a "breast."

■ Seven formal bills of exception appear in the record, which were by the court refused, with the reasons noted thereon. Appellant did not agree to the court's rea-

sons for refusing the bills and filed no bystanders' bills.

Under the record, the bills cannot be considered. Lacy v. State, Tex.Cr.App., 374 S.W.2d 244; Holley v. State, Tex.Cr.App., 366 S.W.2d 570; Perez v. State, Tex.Cr. App., 396 S.W.2d 870.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.