James Arnold BECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 46717.

Court of Criminal Appeals of Texas.

April 4, 1973.

————◆————

Johnny R. Kolenda, W. C. Shead, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On December 3, 1970, appellant pleaded guilty before the court to the offense of felony theft. The punishment was assessed at three years, but the imposition of the sentence was suspended and appellant was granted probation.

One of the terms of probation was that appellant "commit no offense against the laws of this or any other State or the United States."

Motions to revoke appellant's probation were filed by the State on March 4, 1971, June 8, 1971, and on April 24, 1972, the last motion alleging that appellant had violated his probationary conditions in that he had violated the laws of this State by committing the offense of felony theft on or about February 29, 1972.

◼ Appellant contends that the court erred in having a hearing on the revocation of probation prior to the trial of the alleged violation. Many opinions of this Court reflect that it is well settled that there is no necessity that the State obtain a final conviction for an offense alleged as grounds for revocation before the court can revoke. Carr v. State, Tex.Cr.App., 476 S.W.2d 329; Farmer v. State, Tex.Cr. App., 475 S.W.2d 753; Mason v. State, Tex.Cr.App., 473 S.W.2d 15; Jansson v. State, Tex.Cr.App., 473 S.W.2d 40.

◼ The fact that the offense alleged as grounds for revocation was later dismissed on motion of the State does not reflect an abuse of discretion by the court in revoking probation. See Farmer v. State, supra.

◼ Appellant contends that the court abused its discretion in that there was insufficient evidence upon which to revoke his probation.

Charlotte Dodge testified that her 1962 Chevrolet Impala was stolen from her apartment in Houston between 2:00 A.M. and 7:00 A.M., on February 29, 1972. The car was returned to Miss Dodge four days later by police.

Officer Bankston, of the Houston Police Department, stopped the car appellant was driving on the Gulf Freeway on March 3, 1972, for a defective tail light. Bankston checked his stolen car list and determined that the vehicle appellant was driving was a stolen car, and that it was registered to Charlotte Dodge.

**538**

Appellant, testifying in his own behalf, stated that he had borrowed the car from a friend who told him he got the car from "his gal."

Officer Malinosky testified he took appellant to an apartment where appellant said Michael Davis, the person he obtained the car from, lived, but no such person was found at the address. In fact, the address was determined to be the apartment of Miss Dodge.

■ The court was the trier of the facts and, as such, could believe those witnesses it chose to believe and disbelieve those witnesses it chose not to believe. Farmer v. State, supra; Rhodes v. State, Tex.Cr. App., 441 S.W.2d 197; Bryant v. State, Tex.Cr.App., 446 S.W.2d 869.

The court chose to disbelieve appellant's explanation of his possession of the recently stolen automobile. We find no abuse of discretion in revoking probation on the basis of the evidence before the court.

■ Lastly, appellant contends that the sentence is void in that appellant is ordered to be delivered to the "Director of Corrections of the State of Texas." Apparently, appellant's complaint is directed to the failure of the sentence to order appellant delivered to the Director of the Texas Department of Corrections. The sentence fixes appellant's place of confinement as the "Texas Department of Corrections." We find that the sentence in directing the Sheriff to deliver appellant to the "Director of Corrections of the State of Texas or other persons legally authorized to receive such convicts" is sufficiently definite even though the word *Department* is omitted. See Alexander v. State, Tex.Cr.App., 402 S.W.2d 170; Jabalie v. State, 128 Tex.Cr.R. 412, 81 S.W.2d 509.

There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion approved by the Court.