**Opinion filed October 30, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00268-CR

_____

## THOMAS CLAY DICKERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from 39th District Court**

**Stonewall County, Texas**

**Trial Court Cause No. 1972**

### M E M O R A N D U M   O P I N I O N

Appellant, Thomas Clay Dickerson, pleaded guilty to the offense of burglary of a building. Pursuant to the terms of a plea agreement, the trial court convicted Appellant of the offense, assessed his punishment at confinement for two years and a fine of $1,500, suspended the confinement portion of the sentence, and placed Appellant on community supervision for four years. The State later filed a motion to revoke community supervision, alleging three violations of the terms of

community supervision. After a contested hearing on revocation, the trial court orally announced that it found one of the alleged violations to be true. However, in its written judgment revoking community supervision, the trial court found all three alleged violations to be true. The trial court revoked Appellant's community supervision and imposed the original sentence of confinement in a state jail facility for two years. We affirm.

In two issues on appeal, Appellant challenges the revocation of community supervision. Both of Appellant's issues only address the single violation that the trial court orally announced at the conclusion of the hearing. That violation concerned an allegation that Appellant had committed the offense of assault while on community supervision. The State also alleged that Appellant had failed to contact and report to the community supervision department at various times.

As we previously noted, the trial court found all three alleged violations to be true in its written judgment revoking community supervision. The violations found to be true in the written judgment revoking community supervision control over the trial court's oral findings at the revocation hearing. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[T]he written findings of the court control over an oral announcement."); *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Ex parte Bolivar*, 386 S.W.3d 338, 345–46 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.) ("A written order revoking community supervision controls over an oral pronouncement by the trial judge."); *see also Leal v. State*, No. 03-15-00095-CR, 2015 WL 8604431, at *1 (Tex. App.—Austin Dec. 10, 2015, no pet.) (mem. op., not designated for publication) ("It is well settled that a written order revoking community supervision controls over the oral pronouncement."). We further note that the trial court did not find the other alleged violations were not true—it simply did not make any oral finding on those alleged violations. Thus, the

2

trial court's oral finding did not conflict with the written findings. *See Leal*, 2015 WL 8604431, at *1.

We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The State must prove a violation of the terms and conditions of community supervision by a preponderance of the evidence, and proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona*, 665 S.W.2d at 493 (burden of proof is by a preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Accordingly, "to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order." *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.). If a defendant does not challenge all of the grounds on which his community supervision was revoked, the trial court's judgment revoking his community supervision should be affirmed. *See Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996) (per curiam), *pet. dism'd*, 960 S.W.2d 82 (Tex. Crim. App. 1998); *see also Jimenez v. State*, No. 01-06-01101-CR, 2007 WL 3105814, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2007, no pet.) (mem. op., not designated for publication).

On appeal, Appellant only challenges the trial court's finding that he committed an assault while on community supervision. He has not challenged the findings that he violated the contact and reporting requirements of his community supervision. We must affirm the judgment revoking community supervision because Appellant has not challenged the additional violations contained in the written findings.

Moreover, we disagree with Appellant's contentions regarding the evidence that he committed an assault while on community supervision. In his first issue, Appellant contends that the State failed to establish, by a preponderance of the evidence, that Appellant had violated the terms of his community supervision. In his second issue, Appellant asserts that the grand jury's return of a "no-bill" on the alleged assault prevented the State from later using it as a basis for revoking his community supervision. Appellant's evidentiary challenge is premised on the no-bill. We disagree with both contentions.

The duty of a grand jury is to determine whether evidence exists to charge a person formally with an offense. *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). "A Grand Jury's no-bill is merely a finding that the specific evidence brought before the particular Grand Jury did not convince them to formally charge the accused with the offense alleged." *Id.* Thus, a prior no-bill for the charged offense is not material in any way to the defense of a case, and evidence of a grand jury's once having no-billed the charged offense was properly excluded. *Smith v. State*, 474 S.W.2d 486, 489 (Tex. Crim. App. 1971). Even though the standard for a return of a true-bill by a grand jury is low, its return of a no-bill has no evidentiary value because there is no way to determine what specific evidence was brought before the grand jury. Accordingly, we disagree with Appellant's contention that the no-bill from the grand jury precluded the trial court from concluding that the evidence presented at the revocation hearing established that Appellant committed an assault.

Deputy Brian Shields of the Stonewall County Sheriff's Department testified that on May 20, 2018, he responded to a reported death at the Dickerson residence in Swenson. When Deputy Shields arrived, there was a group of people, including Appellant, standing by the house. Deputy Shields got out of his vehicle, and the group of people told him to leave. The group informed him that they only wanted

EMT personnel to report to the scene and not law enforcement. Deputy Shields testified that Appellant "came at" him during the melee, taking a swing at the deputy. However, the swing missed Deputy Shields but connected with an EMT at the scene.

Rebecca Durham is an EMT with the Stonewall County Ambulance Service. She was dispatched to the scene because of a reported death at the property. Durham testified that after she arrived, as she was walking toward Appellant's deceased brother, Appellant accidentally struck her abdomen instead of Deputy Shields. Durham, who was pregnant at the time, said that she became nauseous and dizzy. Durham required hospitalization in order to be evaluated.

Appellant testified that he never hit Durham and that she was lying. After both sides rested, the trial court announced that it found sufficient evidence that Appellant had violated the terms of his community supervision by committing assault.

The trial court abuses its discretion by revoking community supervision if the State failed to meet its burden of proof. *Cardona v. State*, 665 S.W.2d at 493–94; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Scamardo*, 517 S.W.2d at 298. The trial court is the sole trier of the facts, the credibility of the witnesses, and the weight given to their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

An appellate court must view the evidence presented at a revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Even if the State later dismisses the offense or if the defendant is later acquitted, the trial court does not abuse its discretion by

5

revoking the probation. *Beck v. State*, 492 S.W.2d 536, 537 (Tex. Crim. App. 1973); *Russell v. State*, 551 S.W.2d 710, 714 (Tex. Crim. App. 1977).

Viewing the evidence presented at the revocation hearing in the light most favorable to the trial court's ruling, we conclude that the finding that Appellant committed an assault is supported by the preponderance of the evidence. The trial court was able to assess the credibility of the witnesses and to resolve any inconsistencies in their testimony. Accordingly, we overrule Appellant's two issues on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

October 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.